**UNITED STATES of America, Plaintiff,**

v.

**Chris J. BLASI, etc., Defendant.**

**Cr. Misc. No. 95.**

United States District Court,
M. D. Alabama.

Jan. 2, 1979.

Barry E. Teague, U. S. Atty., Montgomery, Ala., for U. S.

George Cocoris, General Counsel, Montgomery, Ala., for State of Alabama Dept. of Industrial Relations.

MEMORANDUM OPINION

VARNER, District Judge.

■ Before this Court is the motion of the Alabama Director of Industrial Relations (hereinafter Director) to quash the subpoena to produce certain documents before the Federal Grand Jury. The Director contends that he should not be required to comply with the subpoena because (1) the scope of the subpoena is overly broad and oppressive and (2) the Director is protected by a State statutory absolute privilege to deny production of the subpoenaed information. The scope of the subpoena—either in time or subject matter—is not oppressive on its face, and the Director has failed to make a specific showing thereof.

■ This Court is further of the opinion that the Director must produce the documents in question despite the Alabama statutes that prohibit the disclosure thereof. Assuming *arguendo* that Code of Alabama, § 25–2–22 and § 25–4–116 (1975), does create an absolute privilege, these statutes have no direct bearing on the controversy since the existence and extent of privilege in a Federal Grand Jury proceeding is a matter of federal common law. *Federal Rules of Evidence* 501, 1101. *See, In the Matter of Grand Jury Impaneled January 21, 1975*, 541 F.2d 373 (3rd Cir. 1976). The Director has not cited, nor has the Court found, a case in which the asserted privilege has been found to exist as a matter of federal law, and this Court refuses to do so here.

The Director further contends that the effectiveness of the program served by the statutorily-protected confidentiality of the subpoenaed information will be impaired by disclosure to the Federal Grand Jury. Divulging of this same information, however, is specifically provided for under certain circumstances. Code of Alabama, § 25–4–118 (1975). Since such limited authorized disclosure is not thought to impair the effectiveness of the confidential employer reporting system, this Court fails to see why the Federal Grand Jury's use of the documents would be deleterious.