Joseph M. THORNE, Plaintiff,

v.

BIG "D" DISCOUNT AUTO PARTS OF DALEVILLE, INC., et al., Defendants.

Civ. A. No. 81-26-S.

United States District Court, M. D. Alabama, S. D.

Oct. 20, 1981.

Legal Services Corp. of Alabama, Steven D. Caley, Staff Atty., Dothan, Ala., for plaintiff.

Hardwick, Hause & Segrest, Jere C. Segrest, Dothan, Ala., for all defendants.

## MEMORANDUM OPINION

HOBBS, District Judge.

The above Fair Labor Standards action is now before the Court on the motion of the Alabama Department of Industrial Relations, a non-party in this case, to quash the subpoena of the Departments' tape recording of plaintiff's hearing before the Appeals Referee. The Department argues that its motion to quash should be granted on the ground that the recording is "absolutely privileged and confidential" under Ala.Code § 25-4-116 (1975). The plaintiff argues that the recording does not fall within the scope of the statute and that the federal interest in vindicating a federal right requires that a claim of privilege be narrowly construed. The Court recognizes that the penal provisions of the disputed Code section places the Department in the position of having to oppose any requests for information in the Department's possession; but, for the reasons stated below, the Court is of the opinion that the recording of the Appeals Referee hearing is not privileged and confidential, especially when sought for the purpose of vindicating a federal right.

■ The existence and scope of evidentiary privileges in federal court must be determined according to the principles set out in Federal Rule of Evidence 501. *American Civil Liberties U. v. Finch*, 638 F.2d 1336, 1342 (5th Cir. 1981). When the claim arises under federal law, as in this case, the privilege of a "[s]tate or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed.Rules of Evid. 501. The federal common law recognizes the validity of the principle of evidentiary privilege, however, "exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974). Thus, where an action is brought seeking to vindicate federal rights such as those protected by the Fair Labor Standards Act, this Court has "the duty to avoid a construction that would suppress otherwise competent evidence unless the statute, strictly construed, requires such a result." *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218, 82 S.Ct. 289, 295, 7 L.Ed.2d 240 (1961).

■ The statute on which the Department bases its claim of privilege states:

Every employing unit shall keep true and accurate work records containing such information as is necessary for the administration of this chapter. Such records shall be open to inspection and be subject to being copied by the director or his authorized representatives at any reasonable time and as often as may be necessary. The director, an appeals tribunal, any member of the board of appeals created by the industrial relations law or any authorized representative of the director may require from such employer or employing unit such reports covering persons employed by him or it, or employment, wages, hours, unemployment and related matters as are necessary to the effective administration of this chapter. Information thus obtained shall be held confidential, except to the extent necessary for the proper presentation of the contest of a claim, and shall not be published or be open to public inspection in any manner revealing the employers' or employing units' identity. Any person violating any provision of this section shall be fined not less than $20.00 nor more than $200.00 or imprisoned for not longer than 30 days or both. All letters, reports, communications and other mat-

ters, written or oral, from employer or employee to each other or to the director or any of his agents, representatives or employees, or to any official or board functioning under this chapter, which shall have been written, sent, delivered or made in connection with the requirements and administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any civil action for slander or libel in any court. Ala.Code § 25–4–116 (1975) The scope of this section has never been determined by the Alabama courts. The Department has provided this Court with copies of motions to quash, similar to the one at issue here, that were granted by various Alabama circuit courts and the United States District Court for the Northern District of Alabama. The Court finds these determinations do not dispose of the issue for two reasons. First, in each of those cases the subpoenaing party was seeking all of the contents of the records and files of the Department, not merely a recording of a hearing. Clearly, much of the contents of the records and files in those cases would fall squarely within the protective scope of the statute; so the broad requests for production conflicted directly with the statutory privilege. Second, none of the orders in those cases was accompanied by legal analysis; therefore, this Court is unable to determine which documents were pertinent to the issue of privilege.

In order to determine whether a recording of a hearing is covered by the statutory privilege, this Court has examined the language of the statute, the legislative policy behind the privilege, and references to the hearing record in other paragraphs of Sec. 25–4. The statute lists several groups of documentary evidence designated as confidential. These groups include work records from the employer, reports on employment, wages, and hours required by the Department, and all letters, reports, or communications between employer and employee to each other or the Department. Although the statute includes "written or oral" communications in this last group, the records and other communications appear to be those collected for the purpose of supervising the unemployment compensation program or preparing for a hearing on a disputed claim. Neither category would include the record of the testimonial evidence given at the hearing on the claim.

The policy behind the grant of confidentiality also supports this Court's conclusion that the recording of the hearing is not privileged. It would be difficult, if not impossible, for the Department effectively to supervise the unemployment compensation program or process claims without the voluntary contribution by the employers of their records and files. Compliance by the employers is insured by guaranteeing that their submissions to the Department will be used solely by the Department and not released to any other person or entity. Confidentiality of the hearing record, however, is not necessary to assure that the employer will appear at the hearing. An employer who fails to appear risks losing the dispute over whether unemployment compensation is due. The possibility of loss should provide adequate motivation for voluntary compliance. Moreover, this case does not present the issue of a third party to the unemployment claim trying to obtain the testimony; but only the issue of whether one of the parties involved in the unemployment compensation hearing, who presumably was present when the subpoenaed testimony was given, can acquire the recording for use in subsequent litigation between the same parties. Since plaintiff is seeking a record of sworn testimony which he has already heard, confidentiality of that record serves little or no purpose. Plaintiff's purpose in seeking the tape is to resolve a conflict in the recollections of employer and employee as to what was said in the open hearing.

Generally, §§ 25–4–92(a), 25–4–94(c) and 25–4–95 of the Alabama Code of 1975 indicate that the record would have been transcribed and would have become part of the public record if defendant had appealed to the state circuit court the Department's decision granting plaintiff unemployment compensation. Surely the Alabama Legis-

58

lature did not intend to bar an employer or an employee from obtaining such testimony because the losing party elected not to appeal. In this context, the Court must also consider the fact that the plaintiff has no other source from which to obtain this evidence. He did not have his own tape recorder at the hearing, though one would hardly argue that such would have violated anyone's privileged communication. For all of the discussed reasons, this Court finds that the statutory privilege does not bar plaintiff from access to the recording of the hearing before the Appeals Referee.

Since this Court concludes that the recording does not come within the statutory privilege, it does not reach the issue of whether that privilege would be given effect in federal court under the conditions set forth in *Garner v. Wofinbarger*, 430 F.2d 1093, 1100 (5th Cir.) *cert. den.* 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323 (1970) and *American Civil Liberties Union v. Finch*, 638 F.2d 1336, 1342–1345 (5th Cir. 1981). The Court notes that state created privileges do not apply in all cases where evidence is sought in a federal proceeding; and a Mississippi statutory privilege similar to the statute here was not given effect in federal question claims. *Fears v. Burris Manufacturing Company*, 436 F.2d 1357 (5th Cir. 1971); *Carr v. Monroe Mfg. Co.*, 431 F.2d 384 (5th Cir.) *cert. den.* 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1970). Moreover, the same Alabama statute raised here was refused effect when it was asserted to deny documents to a federal grand jury. *United States v. Blasi*, 462 F.Supp. 373 (M.D.Ala. 1979).

The Court holds that the testimony at the hearing before the Appeals Referee is not privileged. The Department of Industrial Relations' motion to quash will be denied. Pursuant to this decision, (1) the Department and plaintiff should confer as to the means of providing the recording which is least burdensome to the Department; and (2) plaintiff will be ordered to pay all costs associated with obtaining a copy and/or a transcript of the recording.

An order will be entered in accordance with this opinion.