Betty Mardis petitions this Court for a writ of mandamus directing the Honorable N. Pride Thompkins, judge of the Circuit Court of Colbert County, to vacate his order of August 4, 1993, which quashed her civil subpoena to the Alabama Department of Industrial Relations ("ADIR"); the subpoena called for ADIR to produce for Mardis a transcript of the hearing on her own unemployment compensation claim for use in her pending sexual discrimination action against her former employer, Robbins Tire Rubber Company, Inc. ("Robbins"). We grant the writ.
Betty Mardis's employment with Robbins ended on December 5, 1990. She filed a claim for unemployment compensation with ADIR. After an unemployment compensation hearing in January 1991, the ADIR appeals referee, B.E. Brazeal, awarded Mardis unemployment compensation, concluding that there was insufficient evidence to support a finding that Mardis had left her employment with Robbins voluntarily, and concluding that even if she had left voluntarily she would have had good cause to do so because of "sexual harassment and being cursed by [her] supervisor."
On December 2, 1990, Mardis sued Robbins and Mike Warm and Wade Agee, two of her former supervisors at Robbins, alleging sexual harassment. She sought by subpoena to obtain from ADIR a transcript of the hearing on her unemployment compensation claim. ADIR moved to quash the subpoena, contending that the "testimony, records and information" sought by Mardis were "absolutely privileged and confidential" under *Page 606 
§ 25-4-116, Ala. Code 1975. The trial court, after a hearing and after considering the arguments presented and the pleadings and briefs on file, quashed the subpoena. Mardis petitions this Court for a writ of mandamus directing the trial court to rescind its order quashing the writ.
 "Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990). Because "mandamus is an extraordinary remedy, the standard of review for a writ of mandamus is whether there has been a clear abuse of discretion by the trial judge." Ex parte Rudolph,515 So.2d 704, 706 (Ala. 1987); Ex parte Ward, 448 So.2d 349 (Ala. 1984). Therefore, we must determine if the trial court correctly held that the transcript of Mardis's unemployment compensation hearing was privileged under § 25-4-116. If the trial court incorrectly held the transcript to be privileged, we must determine if it abused its discretion in doing so.
Section 25-4-116 provides in pertinent part:
 "Every employing unit shall keep true and accurate work records containing such information as is necessary for the administration of this chapter. . . . The director, an appeals tribunal, any member of the board of appeals created by the industrial relations law or any authorized representative of the director may require from such employer or employing unit such reports covering persons employed by him or it, or employment, wages, hours, unemployment and related matters as are necessary to the effective administration of this chapter. Information thus obtained shall be held confidential, except to the extent necessary for the proper presentation of the contest of a claim, and shall not be published or be open to public inspection in any manner revealing the employers' or employing units' identity. Any person violating any provision of this section shall be fined not less than $20.00 nor more than $200.00 or imprisoned for not longer than 30 days or both. All letters, reports, communications and other matters, written or oral, from employer or employee to each other or to the director or any of his agents, representatives or employees, or to any official or board functioning under this chapter, which shall have been written, sent, delivered or made in connection with the requirements and administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any civil action for slander or libel in any court."
Had Robbins appealed the decision of the appeals referee, the transcript of the unemployment compensation hearing would, by law, have become part of the public record and would, therefore, have been available to Mardis. See Ala. Code 1975, §§ 25-4-92(a), 25-4-94(c), and 25-4-95. Mardis contends that she should not be barred from obtaining a transcript of the hearing merely because the losing party did not appeal the decision. Mardis relies on Thorne v. Big "D" Discount AutoParts of Daleville, 92 F.R.D. 55 (M.D.Ala. 1981), to support her argument that the testimony from her hearing before the ADIR appeals referee is not privileged under § 25-4-116, and that, therefore, the trial court erred in quashing her subpoena for a transcript of that testimony. She also contends that ADIR is subject to the Alabama Administrative Procedure Act, §41-22-1 et seq., and that §§ 41-22-12(h) and 41-22-25(a) take precedence over § 25-4-116 and provide her a right to the transcript of her unemployment compensation hearing.
Robbins contends that Thorne is distinguishable, because that case involved vindication of a federal right under the Fair Labor Standards Act and its holding was based upon federal common law and the Federal Rules of Evidence, whereas this case involves only questions of state law. Robbins also argues that the Thorne court, in concluding that confidentiality as to the parties involved would not be breached, relied on the fact that the action in which the recording of an unemployment compensation hearing was sought *Page 607 
involved the same parties that had been present at the hearing and the fact that those parties had already heard the sworn testimony. However, in this case, Mardis's former supervisors, Agee and Wann, were not parties to the unemployment compensation hearing, and Robbins argues that the confidentiality of the hearing would be breached as to these two defendants should a subpoena of the transcript be allowed. We disagree, for the reasons below. Robbins and Mardis, the parties to the unemployment compensation hearing who would have an interest in the confidentiality of any privileged testimony, are both represented in Mardis's sexual discrimination action. Moreover, Agee and Wann are managerial employees of Robbins, and Robbins was represented at the unemployment compensation hearing.
We agree with, and adopt, Judge Hobbs's analysis inThorne. In Thorne, Judge Hobbs, as Robbins contends, did rely on the importance of the vindication of a federal right, and he applied the federal common law to narrowly construe the evidentiary privilege as being "in derogation of the search for truth." However, the fact that Mardis relies on a cause of action based on state law, rather than on federal law, does not necessarily mean that the information sought should be privileged in one case and not in the other. The question of whether the record of an unemployment compensation hearing should be privileged, and, therefore, unavailable to a party to that hearing, was thoroughly discussed in Thorne:
 "In order to determine whether a recording of a hearing is covered by the statutory privilege, this Court has examined the language of the statute, the legislative policy behind the privilege, and references to the hearing record in other paragraphs of [Title 25, Chapter 4, Ala. Code 1975]. The statute lists several groups of documentary evidence designated as confidential. These groups include work records from the employer, reports on unemployment, wages, and hours required by the Department, and all letters, reports, or communications between employer and employee to each other or the Department. Although the statute includes 'written or oral' communications in this last group, the records and other communications appear to be those collected for the purpose of supervising the unemployment compensation program or preparing for a hearing on a disputed claim. Neither category would include the record of testimonial evidence given at a hearing on the claim.
 "The policy behind the grant of confidentiality also supports this Court's conclusion that the recording of the hearing is not privileged. It would be difficult, if not impossible, for the Department effectively to supervise the unemployment compensation program or process claims without the voluntary contribution by the employers of their records and files. Compliance by the employers is insured by guaranteeing that their submissions to the Department will be used solely by the Department and not released to any other person or entity. Confidentiality of the hearing record, however, is not necessary to assure that the employer will appear at the hearing. An employer who fails to appear risks losing the dispute over whether unemployment compensation is due. The possibility of loss should provide adequate motivation for voluntary compliance. Moreover, this case does not present the issue of a third party to the unemployment claim trying to obtain the testimony; but only the issue of whether one of the parties involved in the unemployment compensation hearing, who presumably was present when the subpoenaed testimony was given, can acquire the recording for use in subsequent litigation between the same parties. Since plaintiff is seeking a record of sworn testimony which he has already heard, confidentiality of that record serves little or no purpose. Plaintiff's purpose in seeking the tape is to resolve a conflict in the recollection of employer and employee as to what was said in the open hearing.
 "Generally, §§ 25-4-92(a), 25-4-94(c) and 25-4-95
of the Alabama Code of 1975 indicates that the record would have been transcribed and would have become part of the public record if defendant had appealed to the state circuit court the Department's decision granting plaintiff unemployment *Page 608 
compensation. Surely the Alabama Legislature did not intend to bar an employer or an employee from obtaining such testimony because the losing party elected not to appeal. In this context, the Court must also consider the fact that the plaintiff has no other source from which to obtain this evidence. . . . For all of the discussed reasons, this Court finds that the statutory privilege does not bar plaintiff from access to the recording of the hearing before the Appeals Referee."
92 F.R.D. at 57-58.
Robbins further argues that, even if the testimony is not privileged, any transcript of the hearing would refer to material that is privileged and confidential under § 25-4-116, such as documents disclosing payroll information and other confidential personnel records, and that, therefore, any record of the hearing should be absolutely privileged. The ADIR, in response to the petition for writ of mandamus, notes that Rule480-1-4-.04(10) of the ADIR Administrative Code permits an administrative hearing officer to admit all offered evidence without regard to its admissibility in a court of law. Therefore, ADIR argues, the transcript should be privileged, in order to prevent inadmissible evidence and statements from being admitted into evidence before the trial court. We find these arguments unpersuasive; the trial court has the power to prevent the admission into evidence of any inadmissible portions of the transcript or any reference to privileged employer records.
The law is now clear: the record of testimony during an unemployment compensation hearing is not privileged information under § 25-4-116. Thorne, supra, 92 F.R.D. at 58. The Thorne case has been published for over 10 years; its holding and analysis are set forth in the Michie editor's annotation following § 25-4-116 of the Code. If the Legislature intended the testimony at an unemployment compensation hearing to be protected as confidential by the statutory privilege of §25-4-116, it has had ample time to amend that Code section to make it state that intent.
Because we conclude that the transcript does not fall within the statutory privilege, we do not reach the issue of whether Mardis would have a right to the transcript under the Alabama Administrative Procedure Act.
For the above reasons, the petition for the writ of mandamus is granted.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, INGRAM and COOK, JJ., concur.