This petition for a writ of mandamus, filed by a defendant in a capital case, presents a question of the defendant's right to require the trial judge to allow her to have counsel of her choice, an attorney admitted to practice in a state other than Alabama, but who seeks to represent the defendant, pro hacvice, at no expense to the State.
Under the facts of this case, we agree with the petitioner, Altion Maxine Walker, who has asked this Court to issue a writ of mandamus directing Judge Jerry Fielding, of the Talladega Circuit Court, to admit attorney Clive A. Stafford Smith,pro hac vice, to represent her in her capital murder trial. *Page 409 
We have reviewed the substantiating evidence and we find that Ms. Walker timely filed a motion with the trial court, in which she asked the trial court to permit her to substitute attorney Smith as counsel in place of William Willingham, an attorney previously appointed by the court to serve as co-counsel for her in her first trial.[1] The trial judge denied that motion; Ms. Walker filed a mandamus petition with the Court of Criminal Appeals, which denied the petition without opinion.[2] She then filed a similar petition with this Court.
Attorney Smith is not a member of the Alabama State Bar, but he has filed a duly verified application to practice pro hacvice under Rule VII of the Rules Governing Admission to the Alabama State Bar, promulgated by the Alabama State Bar and approved by this Court. The trial judge overruled Ms. Walker's motion asking the court to allow attorney Smith to represent her. Instead, the court appointed Ms. Ruth Friedman (co-counsel for Ms. Walker on her first appeal, see note 1), and one of Ms. Walker's lawyers from her first trial, attorney Willingham, as counsel for her.
The legal question presented is whether Ms. Walker has a clear legal right to have attorney Smith admitted pro hac vice
to represent her interests in her retrial. To establish such a right, Ms. Walker says that she cannot effectively communicate with attorney Willingham and that she does not believe that his representation would be in her best interest; similarly, attorney Willingham wishes to be replaced as counsel for her.[3]
The record supports Ms. Walker's argument that attorney Smith wishes to represent her, at no expense to the State, even though Ms. Walker, having been determined to be indigent, is entitled to have the State pay for her attorney.
In view of the undisputed fact that Ms. Walker moved for a substitution of counsel in a timely manner, and considering the fact that she raised the issue of her right to have counsel of her choice when the case was remanded for the second trial, we believe that she has clearly shown that she is entitled to the relief she seeks.
The trial judge did not state his reasons for denying Ms. Walker's request, and she has shown that attorney Smith is a member of the Georgia State Bar and that he had timely filed a petition to practice pro hac vice, as is commonly and frequently done, especially in civil cases.[4] The record here shows that the trial judge has allowed attorney Smith to represent other defendants in criminal cases in the Talladega Circuit Court. Based on these facts, it does not appear that the trial court's refusal to allow attorney Smith to serve as counsel for Ms. Walker was based on any procedural defects in the pro hac vice petition. *Page 410 
Mandamus is an extraordinary remedy requiring a showing that there is: "(1) a clear legal right . . . to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889 (Ala. 1991). This Court has previously held that mandamus review of a trial court's action is proper in a criminal case where a defendant's rights would be irreparably abridged if the defendant were required to await the appellate process. See, e.g., Ex parteLarge, 501 So.2d 1208 (Ala. 1986); Ex parte Anderson,457 So.2d 446 (Ala. 1984); Ex parte Jones, 444 So.2d 888 (Ala. 1983). It is well settled that "in cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case ofabuse." Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488
(Ala. 1990) (emphasis added).
Ms. Walker asserts that the failure of the trial judge to substitute counsel of her choice is an abuse of discretion, contending that the ruling violates her Sixth Amendment right to counsel. In support of this contention, Ms. Walker cites numerous federal cases that address the issue of whether an indigent criminal defendant has a right to choose the attorney appointed to represent him. See, e.g., United States v.Padilla-Martinez, 762 F.2d 942 (11th Cir.), cert. denied,474 U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 302 (1985); Birt v.Montgomery, 725 F.2d 587 (11th Cir. 1984); Gandy v. Alabama,569 F.2d 1318 (5th Cir. 1978). Although these cases acknowledge that an indigent defendant has a right to request counsel of his or her choice, the law is clear that the right of an indigent defendant to choose counsel is not absolute. In determining whether an indigent defendant is entitled to choose his or her appointed counsel, a trial court must balance this request against a number of factors to determine whether the request would frustrate the public interest in the prompt and efficient administration of the criminal justice system.[5]
In the case sub judice, the Court is not faced with the situation addressed in the above-cited cases, because those cases deal with a defendant's right to choose state paid counsel. Here, Ms. Walker requested that the trial judge appoint an attorney who was prepared to serve pro bono; she did not request a certain attorney who was to be paid by the State. Although Ms. Walker, as an indigent criminal defendant, is entitled to representation at the State's expense, she requested to be represented by an attorney who would not be paid by the State. These facts are analogous to a factual setting where a nonindigent criminal defendant procures counsel of his or her choice. A trial judge would have no authority to bar that attorney from representing that defendant, so long as that attorney was qualified to practice law in this State and the representation would not frustrate the public interest in the fair and efficient administration of justice. The fact that Ms. Walker has inadequate resources to hire an attorney should be of no consequence, if she can secure representation at no expense to the State. Just as a defendant who can pay for legal counsel has a right to choose his or her own attorney, an indigent defendant can choose to be represented by an attorney who offers to represent the defendant at no expense to the State.
Summarizing, we find that in the case sub judice, Ms. Walker made a timely motion to have attorney Smith appointed as her trial counsel, that he is willing to serve in a pro bono
capacity, and that attorney Willingham wishes to be replaced as co-counsel for Ms. Walker. It appears, based on our review of the record, that Ms. Walker did not make her motion in order to delay her criminal trial or to manipulate the trial proceeding, but made it in order to express her desire to have the attorneys of her choice appointed to represent her — the two attorneys she thought would best represent her interest. Based on these facts, we hold that Ms. Walker is entitled to the writ of mandamus.
WRIT GRANTED. *Page 411 
HOOPER, C.J., and HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
[1] This is the second time this case has been tried. In 1989, Ms. Walker was tried in Talladega County and convicted of capital murder. In that first trial, she was represented by attorney Willingham and attorney Steve Adcock. She appealed her conviction to the Court of Criminal Appeals, where she argued that the prosecution had arbitrarily dismissed black jurors, thus violating the mandate of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). See Walker v. State,611 So.2d 1133 (Ala.Crim.App. 1992), cert. denied, 611 So.2d 1133
(Ala. 1993). On that appeal, Ms. Walker was represented by attorneys Ruth Friedman and Clive Stafford Smith, who she desires to have represent her in her second trial. In the appeal from the first trial, the Court of Criminal Appeals, basing its holding substantially on the argument presented in that case by attorneys Friedman and Smith, reversed her conviction and ordered a new trial. Upon remand, Ms. Walker moved in a timely manner to have these two attorneys appointed to represent her in the new trial.
[2] Ex parte Walker, [CR-94-2073, Aug. 29, 1995] ___ So.2d ___ (Ala.Crim.App. 1995).
[3] With her petition, Ms. Walker filed the affidavit of attorney Willingham, in which he states that he would like to be replaced as trial counsel because he does not "think it would be beneficial for anyone to undertake a capital case for a client who does not feel she can work with her lawyer in her defense." It appears from the record that the relationship between Ms. Walker and attorney Willingham has further been strained, in light of accusations by Ms. Walker that attorney Willingham's prior representation of her amounted to "ineffective assistance of counsel."
[4] The Alabama State Bar periodically furnishes this Court with a list of all pro hac vice admissions.
[5] See, Gandy v. Alabama, 569 F.2d 1318, 1323 (5th Cir. 1978).