741 So.2d 1066 (1999)
Ex parte ALLSTATE LIFE INSURANCE COMPANY and Eric Glover.
(In re Tara F. Johnson
v.
Allstate Life Insurance Company and Eric Glover;
Clarence Robert Wells
v.
Allstate Life Insurance Company and Eric Glover;
Darron D. Jackson
v.
Allstate Life Insurance Company and Eric Glover;
Thomas G. Spurlock
v.
Allstate Life Insurance Company and Eric Glover;
Raymond A. Ivey
v.
Allstate Life Insurance Company and Eric Glover;
Betty Ann Griffin
v.
Allstate Life Insurance Company and Eric Glover;
Margaret T. Lampley
v.
Allstate Life Insurance Company and Eric Glover; and
Jo Anne Matthews
v.
Allstate Life Insurance Company and Eric Glover).
1980898.
Supreme Court of Alabama.
August 13, 1999.
*1067 Charles D. Stewart and Steve R. Burford of Spain and Gillon, L.L.C., Birmingham, for petitioner Allstate Life Insurance Company.
Philip H. Butler and Robert F. Northcutt of Robison & Belser, Montgomery, for petitioner Eric Glover.
W. Daniel "Dee" Miles III, Clint C. Carter, and Scott T. McArdle of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, for respondents.
*1068 HOOPER, Chief Justice.
Allstate Life Insurance Company and its agent Eric Glover, defendants in eight civil actions filed in the Barbour Circuit Court, petition for a writ of mandamus directing Judge L. Bernard Smithart to withdraw his orders of January 19, 1999, and February 17, 1999. His January 19, 1999, order granted a hearing on the plaintiffs' motion to vacate previous judgments of dismissal in seven of those eight cases. He issued two orders on February 17, 1999one vacating those judgments of dismissal and the other vacating a November 3, 1998, order disallowing the use of certain pattern-and-practice witnesses. Those final judgments of dismissal and that order had been entered by Judge Thomas Gaither, who left office on January 18, 1999. We grant the petition and direct Judge Smithart to vacate his orders of January 19, 1999, and February 17, 1999, and to enforce Judge Gaither's November 6, 1998, order denying the plaintiffs' Rule 59(e), Ala.R.Civ.P., motion to alter, amend, or vacate the final judgments and to enforce Judge Gaither's November 3, 1998, order prohibiting Raymond A. Ivey from calling any of the plaintiffs in the dismissed cases as witnesses during his trial.
Tara F. Johnson, Clarence Robert Wells, Darron D. Jackson, Thomas G. Spurlock, Raymond A. Ivey, Betty Ann Griffin, Margaret T. Lampley, and Jo Anne Matthews filed separate actions against Allstate and Glover. The complaints arose out of the sale of life insurance policies, and each complaint alleged fraud, fraudulent suppression, "fraud by mistake," breach of contract, and negligent and/or wanton supervision.

I. History
In 1995, Nathaniel Jones (not one of the plaintiffs in the cases to which this mandamus petition relates) sued Allstate and Glover. In the discovery phase of that case, Judge William Robertson, the trial judge in Barbour County at that time, entered a protective order requiring the defendants to produce the customer list of Eric Glover. The protective order required Jones's counsel to make and preserve tape recordings of counsel's conversations with any persons on the list. The tapes were subject to production should Jones's counsel actually select any person named on the list to testify at Jones's trial, or if Jones's counsel subsequently undertook to represent that witness in another action against these defendants. Jones's counsel subsequently did undertake to represent the eight persons whose cases this mandamus petition relates to; each of those eight persons had been named on Glover's customer list.
In July and September 1997, Allstate and Glover moved, in each of the eight cases, for a dismissal. They argued in each of the eight cases that the plaintiff's attorney had violated the protective order entered in the Jones case, by either failing to make a tape recording of his conversation or failing to produce a complete tape recording of the conversations he had with the persons on Glover's customer list. On August 26, 1998, the defendants filed a supplemental motion to dismiss in each of the eight cases, relying on the same arguments. On October 21, 1998, Judge Gaither conducted a hearing on the motions to dismiss.
On November 3, 1998, Judge Gaither entered an order providing that at trial Ivey could not call as witnesses any of the other seven plaintiffs, because of the violations of the protective order. On November 6, 1998, Judge Gaither granted the defendants' motions and supplemental motions to dismiss in each of the eight cases except the Ivey case (CV-97-52). Judge Gaither denied the motion to dismiss in Ivey because he found that in that case the plaintiff's attorney had produced the tape recording of his conversations with Ivey, in accordance with the protective order.
On December 7, 1998, the seven plaintiffs whose cases had been dismissed filed a Rule 59(e) motion asking Judge Gaither to vacate his November 6, 1998, order. On *1069 December 10, 1998, Judge Gaither denied the motion. On January 12, 1999, the seven plaintiffs filed a "renewed" motion to vacate, arguing that Judge Gaither had erred by not conducting a hearing on the December 7, 1998, Rule 59(e) motion.[1] On January 14, 1999, Judge Gaither entered an order denying the renewed motion to vacate. On January 8, 1999, Allstate and Glover moved to strike certain witnesses from Ivey's witness list. Specifically, Allstate and Glover moved to strike witnesses named on the list who were plaintiffs in the dismissed cases and who were already barred from testifying under the November 3 order. On January 15, 1999, Judge Gaither ordered that those witnesses be stricken.
On January 19, 1999, Judge Smithart succeeded Judge Gaither. On that same date, the seven plaintiffs filed a motion asking the trial court to "reconsider" the denial of their previous motions to vacate. Also, on January 19, 1999, Ivey moved the trial court to set aside the prior order entered by Judge Gaither in Ivey removing the plaintiffs in the dismissed cases from Ivey's witness list.
Judge Smithart entered orders purporting to vacate Judge Gaither's December 10, 1998, and January 14, 1999, orders. Judge Smithart conducted a hearing on the plaintiffs' motions to "reconsider." On February 17, 1999, he entered an order purporting to vacate Judge Gaither's November 3, 1998, and November 6, 1998, orders. On May 7, 1999, the defendants filed this petition for the writ of mandamus.
Allstate and Glover make two arguments in support of their mandamus petition. They argue that Judge Smithart improperly attempted to exercise jurisdiction over the seven dismissed cases when he purported to grant the plaintiffs' motion to "reconsider" and to vacate Judge Gaither's November 3, 1998, November 6, 1998, and December 10, 1998, orders. Allstate and Glover also argue that Judge Smithart abused his discretion in the Ivey case by ruling that the plaintiffs in the dismissed cases could testify as witnesses.
A writ of mandamus is the proper remedy when the trial court has entered an order it had no power to enter. See Ex parte Dowling, 477 So.2d 400 (Ala. 1985). A writ of mandamus is issued only when the petition shows a clear, specific legal right for the enforcement of which there is no other adequate remedy. "Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990). "[Because] mandamus is an extraordinary remedy, the standard of review for a writ of mandamus is whether there has been a clear abuse of discretion by the trial judge...." Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987). See Ex parte Mardis, 628 So.2d 605 (Ala.1993).

II. Jurisdiction
The petitioners argue that Judge Smithart improperly assumed jurisdiction over the dismissed cases and improperly vacated Judge Gaither's orders after Judge Gaither had denied the plaintiffs' Rule 59(e) motions on November 6, 1998. The petitioners assert that the plaintiffs' use of successive post-judgment motions was an improper substitute for an appeal and that the trial court had no jurisdiction to entertain those successive motions. The seven plaintiffs, on the other hand, argue that the trial court never granted any of the plaintiffs' motions filed after December 7, 1998, the date the plaintiffs filed their original *1070 Rule 59(e) motion to alter, amend, or vacate. They argue that Judge Smithart did not grant the motions to "reconsider," but vacated the trial court's prior orders ex mero motu. They argue that Ex parte Dowling, supra, relied on by the petitioners, is not relevant to the problem here. The respondents assert that Dowling involved a Rule 60 motion, not a Rule 59 post-judgment motion. "This Court has been presented from time to time several instances when losing parties have attempted to get trial judges to reconsider action taken on their post-judgment motions." Ex parte Dowling, 477 So.2d at 404. See also Ex parte Mutual Savings Life Ins. Co., [Ms. 1970424, May 22, 1998] ___ So.2d ___ (Ala.1998). In Ex parte Dowling, a jury returned a verdict against the defendant in a civil assault-and-battery lawsuit. The defendant moved for a new trial, or, in the alternative, for a remittitur. The trial court ordered the remittitur and denied the motion in all other respects. More than two months after the jury had returned its verdict, the defendant moved the court to reconsider its order denying the defendant's earlier motion for a new trial. The trial court ordered a further remittitur of the jury verdict. The plaintiff moved to vacate the court's order and to reinstate the original verdict. The court denied the plaintiffs motion. The plaintiff then filed a mandamus petition asking this Court to direct the trial court to vacate its order and to reinstate the verdict. In Dowling, this Court held:
"[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment or pursuant to a Rule 50(b) motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to `reconsider' the denial."
477 So.2d at 404. See also Ex parte Mutual Savings Life Ins. Co., supra. The exceptions mentioned in that excerpt from Dowling (exceptions to the rule of not allowing a trial judge to reconsider a denial of a post-judgment motion) are not applicable in the situation now before us.
The Dowling Court also wrote: "The denial of a motion under Rule 59 or Rule 60 is usually appealable. That avenue, then, should be pursued by an aggrieved party. A motion to reconsider cannot be used as a substitute for an appeal." 477 So.2d at 403-04. This Court has clearly warned the bench and the bar not to attempt to use a Rule 59 or Rule 60 motion as a substitute for an appeal. "In view of the fact that this case presents to us that situation, we take this opportunity to point out to the bench and bar that the Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion." 477 So.2d at 404. Just recently, this Court has reiterated: "[I]f a party has his own post-judgment motion denied, the review of that denial is by appeal. The rules do not provide for a `motion to reconsider' the denial of one's own post-judgment motion." Ex parte Mutual Savings Life Ins. Co., supra, ___ So.2d at ___.
The Court of Civil Appeals has also stated that the rule that a trial court cannot entertain a motion to "reconsider" its previous order denying a post-judgment motion is more than a mere "technicality" under the Alabama Rules of Civil Procedure, but is based on the court's loss of jurisdiction over the case. Package Express Center, Inc. v. Motley, 717 So.2d 378 (Ala.Civ.App.1998).
On December 7, 1998, the seven plaintiffs timely moved to alter, amend, or vacate the November 6, 1998, orders dismissing the complaints. The trial court *1071 denied their motion on December 10, 1998. A timely filed Rule 59 motion tolls the running of the time for filing a notice of appeal. Therefore, the plaintiffs' remedy after the trial court denied the motion to alter, amend, or vacate was to appeal, rather than to file additional post-judgment motions. On January 12, 1999, the plaintiffs filed a "renewed motion to vacate." Judge Gaither summarily denied this motion on January 14, 1999. On January 19, 1999, the plaintiffs filed a third post-judgment motion, a motion styled "motion to reconsider." Whether we accept the respondents' characterization of Judge Smithart's ruling (setting aside Judge Gaither's denial of the Rule 59(e) motion and reinstating the dismissed cases) as being an "ex mero motu" ruling, or whether we accept the petitioners' characterization of it as being an order purporting to grant a third Rule 59 motion, the Rules of Civil Procedure prohibit the ruling.
The respondents argue that, because on January 19, 1999, 90 days had not passed since the judgments of dismissal had been entered, Judge Smithart essentially had jurisdiction to do, ex mero motu, whatever he wanted with Judge Gaither's ruling. That argument is clearly incorrect.
This Court has repeatedly held that after a trial court denies a Rule 59 post-judgment motion, the trial court no longer has jurisdiction over the case and the aggrieved party's only remedy is to appeal. Judge Smithart did not have jurisdiction to review a post-judgment motion after Judge Gaither had denied the motion. When a trial court improvidently attempts to exercise jurisdiction to entertain a motion to "reconsider" the denial of a Rule 59 post-judgment motion, this Court should issue a writ of mandamus to undo the trial court's action. See, Ex parte Keith, [Ms. 1970541, Nov. 6, 1998] ___ So.2d ___ (Ala.1998); Ex parte Mutual Savings Life Ins. Co., supra, ___ So.2d ___; Ex parte Johnson, 715 So.2d 783 (Ala.1998); Ex parte Dowling, supra. A writ of mandamus will issue to direct Judge Smithart to vacate his orders of January 19, 1999, and to reinstate the final judgments of dismissal entered on November 6, 1998.

III. Witnesses in the Ivey Case

Judge Gaither found that the tape recording of Ivey's initial interview by plaintiffs' counsel was produced in accordance with the protective order and, thus, that his case was not subject to dismissal. Judge Gaither further ordered on November 3, 1998, however, that Ivey could not call as witnesses during the trial of his case any of the plaintiffs in the dismissed cases. On January 8, 1999, Allstate and Glover moved to strike from Ivey's witness list witnesses who were under Judge Gaither's November 3 order. Judge Gaither ordered on January 15, 1999, that these witnesses be stricken from Ivey's witness list. On January 19, 1999, Ivey moved Judge Smithart to set aside Judge Gaither's January 15, 1999, order, conditioned on Judge Smithart's reinstatement of the dismissed cases. On February 17, 1999, Judge Smithart reinstated the dismissed cases and granted Ivey's motion, allowing Ivey to call the other plaintiffs.
The petitioners argue that the improvident actions of Judge Smithart at issue in the dismissed cases are so intertwined with his order entered in Ivey that this Court should direct Judge Smithart to vacate his February 17, 1999, order allowing Ivey to use the plaintiffs in the dismissed cases as witnesses during his trial.
The respondents argue that Judge Gaither's previous rulings were erroneous and, thus, that Judge Smithart had full discretionary authority to vacate Judge Gaither's order of November 3, 1998. They also assert that the petitioners' argument is without legal authority and does not demonstrate how Judge Smithart abused his discretion in reversing Judge Gaither's order concerning the use of the plaintiffs in the other seven cases as pattern-and-practice witnesses.
*1072 On January 19, 1999, Ivey's motion to set aside Judge Gaither's January 15, 1999, order was conditioned and dependent upon Judge Smithart's reinstating the dismissed cases. Judge Gaither's order prohibiting Ivey from calling these witnesses was the result of his finding that communication between attorneys and the seven plaintiffs in the dismissed cases was not in accordance with the protective order. Judge Gaither's order prohibiting Ivey from calling the seven other plaintiffs as pattern-and-practice witnesses was proper. Judge Smithart himself recognized that Ivey's motion was contingent upon reinstatement of the dismissed cases. (C.R.10-12.) This Court will not issue a writ of mandamus to disturb a court's valid exercise of discretion. Ex parte Adams, 514 So.2d 845, 850 (Ala.1987). However, when a court abuses its discretion by arbitrary and capricious conduct, a writ of mandamus is appropriate. Id. Judge Smithart did not have jurisdiction to entertain the plaintiffs' third post-judgment motion or to reinstate the dismissed cases. Because Ivey's motion was conditioned upon actions that Judge Smithart did not have the jurisdiction to take, we conclude that Judge Smithart's decision regarding the pattern-and-practice witnesses in Ivey had no basis and was therefore an abuse of discretion. Judge Smithart is directed to vacate his February 17, 1999, order entered in Ivey and to reinstate Judge Gaither's November 3, 1998, order precluding Ivey from using the plaintiffs in the dismissed cases as witnesses during the trial of Ivey.
PETITION GRANTED; WRIT ISSUED.
MADDOX, HOUSTON, SEE, and BROWN, JJ., concur.
COOK, LYONS, and JOHNSTONE, JJ., concur in part and dissent in part.
COOK, Justice (concurring in part and dissenting in part).
I concur in Part II of the majority opinion. As to Part III, however, I respectfully dissent.
As the majority opinion correctly states, Judge Gaither refused to dismiss Ivey v. Allstate Life Insurance Company and Eric Glover, CV-97-52. That case is on the active trial docket. Consequently, regardless of procedural bars that exist with regard to the cases that Judge Gaither dismissed, his order striking certain witnesses from the witness list in Ivey was clearly interlocutory.
Trial courts "retain[] continuing control over interlocutory orders and [have] the power to set those orders aside any time before a final judgment is entered." Fruehauf Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex.1993); Rule 54(b), Ala.R.Civ.P.; see also Miller v. Santiago, 642 So.2d 446, 447 (Ala.1994) (orders entered before a final judgment is entered in an action are "interlocutory, and, therefore, subject to change"); Hallman v. Marion Corp., 411 So.2d 130, 132 (Ala.1982) (interlocutory orders "are left within the plenary power of the court that rendered them to afford relief from them as justice requires"); Ford Motor Credit Co. v. Carmichael, 383 So.2d 539, 541 (Ala.1980) ("interlocutory orders ... are not subject to the restrictive provisions of [Ala. R. Civ. P. 60(b)]"); 60 C.J.S. Motions & Orders § 62(1), at 94 (1969) ("a court, while it still retains jurisdiction over the cause in which [an] order was made, may, for sufficient cause shown, amend, correct, resettle, modify, or vacate... [the] order"). The decision whether to amend or vacate an interlocutory order is committed to the sound discretion of the trial judge. Hallman, 411 So.2d at 132; see also Talkington v. Womens Servs., P.C., 256 Neb. 2, 588 N.W.2d 790 (1999).
The petitioners contend "that Judge Smithart's order in Ivey and his [order dismissing the cases] are inextricably intertwined, incapable of separation, and a concomitant abuse of discretion." Petitioners' Reply Brief, at 21. However, the petitioners have alleged no substantive factsin addition to this bare contention *1073 that would suggest Judge Smithart abused his discretion in vacating Judge Gaither's order striking the witnesses. On the contrary, Judge Gaither's final judgments dismissing the cases, from which no appeal was taken, are entirely distinct and easily severable from his interlocutory order regarding the substance of the witness list in the ongoing Ivey litigation.
It is true that a writ of mandamus "is an appropriate remedy when there is a clear showing that the trial judge abused his or her discretion by exercising it in an arbitrary and capricious manner." Ex parte Ford Motor Credit Co., 607 So.2d 169, 170 (Ala.1992). However, "[w]hile the writ will issue to compel the exercise of discretion by a circuit judge, it will not issue to compel the exercise of discretion in a particular manner." Id. (emphasis added).
The decision to vacate Judge Gaither's interlocutory order was within the sound discretion of Judge Smithart. Because Judge Smithart did not abuse his discretion, I respectfully dissent.
JOHNSTONE, J., concurs.
LYONS, Justice (concurring in part and dissenting in part).
I concur in Part II of the majority opinion. I agree with Justice Cook that the order in the Ivey case striking names from the witness list is interlocutory; therefore, I dissent as to Part III.
The petitioners characterize Ivey's motion to reconsider as being dependent on the reinstatement of the dismissed cases and then argue that because the trial court lacked authority to reinstate those cases there can be no valid order related to the Ivey case. I view the conditional status of the motion in Ivey to be tied to the respondents' prevailing on the merits of their contentions that the previous dismissals had been improper. The determination in Part II, that Judge Smithart's orders reinstating the seven dismissed cases were improper, a determination based solely on a holding that the dismissals had become final, does not reach the merits of the question of the correctness of the ruling reinstating the dismissed actions. I do not consider the final orders of dismissal in the other cases, orders based on a violation of an order regarding witnesses, to be res judicata on the issue of allowing witnesses to testify in Ivey, nor do the petitioners contend that those dismissals have a res judicata effect.
The order in Ivey vacating the previous order and allowing certain witnesses to testify in that action states:
"Therefore, because the Court has not found any misconduct, or even negligence, concerning those cases and has vacated its prior order of sanction, this Court now vacates the Court's prior Order of November 3, 1998, granting Defendants' Motion to Strike the above-named witnesses."
In their petition, Allstate and Glover made no argument to challenge the finding of an absence of misconduct or negligence; they relied solely on the argument that the dismissal orders in the other seven actions were final and the argument that the order in Ivey was "intertwined" with the rulings in the dismissed cases. In their reply, the petitioners, for the first time, assert that the earlier dismissals were correct on the merits. However, this argument is advanced only in support of Judge Gaither's orders dismissing the seven cases. As to the aspect of the petition seeking an order directing Judge Smithart to set aside the order allowing the other plaintiffs to appear as witnesses in Ivey, the argument in the reply remains limited to the contention that that order in Ivey was intertwined with orders entered in the other seven cases as to which the court had improvidently asserted jurisdiction. In any event, the reply to an answer in a petition for a writ of mandamus is not part of the petition and cannot supply matter wherein the petition is deficient. Cloe v. State ex rel. Hale, 209 Ala. 544, 96 So. 704 (1923).
*1074 Because the petitioners have failed to demonstrate a clear legal right to have Judge Smithart's order in Ivey set aside, I respectfully dissent as to Part III.
JOHNSTONE, J., concurs.
NOTES
[1] Any questions regarding the validity of the plaintiffs' motions or the propriety of Judge Gaither's orders denying those motions are not properly before this Court. Thus, they have no bearing on today's decision.