LONG, Presiding Judge.
The petitioner, Levi Pace, filed this petition for a writ of mandamus directing the Honorable Glenn Thompson, circuit judge for the Eighth Judicial Circuit, to admit his foreign counsel, M. Cristina Gutierrez, to practice, pro hac vice. See Rules VII, Rules Governing Admission to the Alabama State Bar. Pace was convicted of capital murder and was sentenced to death. This Court reversed his conviction *1007 because of racial discrimination in the selection of grand jury forepersons in Morgan County. Pace v. State, 714 So.2d 320 (Ala.Cr.App.1996), aff'd, 714 So.2d 332 (Ala.1997). In 1998, Pace was reindicted for capital murder, and J. Timothy Kyle and Tanya Greene were appointed to represent him. Gutierrez, an attorney licensed to practice in the State of Maryland, filed an application to practice pro hac vice, requesting that she be allowed to represent Pace in a pro bono capacity. The trial court denied her application and a subsequent motion to reconsider. This petition followed. Pace’s trial is scheduled to begin February 28, 2000.
Pace argues that Judge Thompson’s denial of Gutierrez’s pro hac vice application interfered with his constitutional right to counsel. Pace cites Ex parte Walker, 675 So.2d 408 (Ala.1996), in support of this contention. Pace further argues that there is no legal, ethical, or practical reason why Gutierrez should be prohibited from appearing, pro hac vice, in an Alabama court.
Rule VII, Rules Governing Admission to the Alabama State Bar, addresses the admission of foreign attorneys to practice law in Alabama. The pertinent provisions of this rule are as follows:
“A. Appearance of Foreign Attorneys Pro Hac Vice Permitted; Exceptions. An attorney or counselor-at-law who is not licensed in good standing to practice law in Alabama, but who is currently a member in good standing of the bar of another state, the District of Columbia, or other United States jurisdiction (hereinafter called a foreign attorney) and who is of good moral character and who is familiar with the ethics, principles, practices, customs, and usages of the legal profession in the State of Alabama, may appear as counsel pro hac vice in a particular case before any court or administrative agency in the State of Alabama upon compliance with this rule....
[[Image here]]
“D. Verified Application. In order to appear as counsel before a court or administrative agency in this state, a foreign attorney shall file with the court or agency where the cause is pending a verified application for admission to practice (a form for such an application follows this rule), together with proof of service by mail, in accordance with the Alabama Rules of Civil Procedure, of a copy of the application and of the notice of hearing upon the Alabama State Bar at its Montgomery, Alabama, office. In the event application is made before any defendant in an action has appeared, a copy of the application and notice must also be served upon such defendant. The copy of the application and the notice of hearing served upon the Alabama State Bar shall be accompanied by a nonrefundable $100 filing fee. The notice of hearing shall be given at least 21 days before the time designated for the hearing, unless the court or agency has prescribed a shorter period. In criminal cases involving indigent defendants, the court or agency may waive the filing fee and notice requirements for good cause shown.
“Upon receipt of any application for admission, the Alabama State Bar shall file with the court or agency and serve upon all counsel of record, or upon any parties not represented by counsel, and upon the applicant, before the scheduled hearing date, a statement indicating whether the applicant or other attorney members of the firm with which he or she is associated have previously made any application for admission, the date of such application, and whether it was granted. No application shall be granted before this statement of the Alabama State Bar has been filed with the court or agency. Once this statement is received, the court or administrative agency shall issue an order granting or denying the application. A copy of each order granting or denying an application *1008 shall be mailed by the local counsel to the Alabama State Bar at its Montgomery, Alabama, office.
[[Image here]]
“The granting or denial of an application for admission as counsel pursuant to this rule is discretionary with the court or administrative agency before which the application is made.... ”
(Emphasis added.)
Initially, we must determine if .mandamus is the proper means of seeking review of Judge Thompson’s ruling. A trial court’s denial of a request to practice pro hac vice has been reviewed by way of mandamus petition. Walker.
In Walker the Alabama Supreme Court granted relief after the trial court failed to admit an out-of-state attorney who wished to represent the defendant in a pro bono capacity to practice pro hac vice. The Supreme Court noted its reasons for issuing the writ: 1) Walker’s motion to substitute counsel was to substitute an out-of-state attorney for one who had been appointed at state expense; 2) the trial court failed to state its reasons for denying the application; and 3) the pro hac vice application did not appear to be deficient. The Alabama Supreme Court limited its holding in Walker to the facts presented in that case, 675 So.2d at 410, and the circumstances in this case are distinguishable from those before the court in Walker.
First, Pace did not seek to substitute Gutierrez in a pro bono capacity for an attorney appointed by the State and whose fees and expenses were to be paid by the State. Pace already has two court-appointed attorneys. It appears that Gutierrez was to be Pace’s third attorney.[1]
Second, the trial court did state at the hearing on the motion to reconsider its reasons for denying the pro hac vice application. The trial court stated:
“The Court: ... I read some of the articles that were attached to her resume, particularly the one with regard to her prior theft conviction and her lying to the bar association. That was primarily reason number one. I know she was ultimately admitted. She was admitted and then it came up and she was brought up on charges I believe as I recall it, and it just didn’t sit well with me. Frankly I didn’t think she could bring to this case any help to Mr. Pace, and I just investigated what my duty and responsibility was in the case and found that it was discretionary. I looked for some basis that would, you know, what I was required to do to avoid an abuse of discretion and felt like that I was within the discretionary bounds in making the call that I made and I made it and I’m going to stand by it.”
The exhibits filed with the State’s answer reflect that Gutierrez had previously failed to disclose on a law school application and an application for a law-clerk position that she had been convicted, under a different name, of shoplifting. After this information was disclosed to the Maryland Bar Association, the Bar Character Committee voted 4 to 3 to admit her to practice law. (This information was detailed in an article about Gutierrez that appeared in a Maryland newspaper. Gutierrez attached this article to her pro hac vice application.)
Third, when the application was filed with the trial court, the statement from the Alabama State Bar required by Rule VII.D., which details whether the applicant or members of the applicant’s law firm have ever practiced pro hac vice in Alabama, had not been furnished to the trial court. This statement is required before the application can be granted. (We note that the Alabama Bar filed this statement *1009 after the trial court had ruled on the application.)
Furthermore, although not cited by the Alabama Supreme Court in Walker; Rule VII.E., states: “The granting or denial of an application for admission as counsel pursuant to this rule is discretionary with the court.... ” The Alabama Supreme Court has long held that “[discretionary acts that are based on valid factual findings are outside the scope of mandamus.” Ex parte W.Y., 605 So.2d 1175, 1177 (Ala.), on remand, 605 So.2d 1181 (Ala.Civ.App.1992), citing Ex parte Redd, 73 Ala. 548, 550 (1883).
Judge Thompson acted within his discretion in denying Gutierrez’s pro hac vice application. Judge Thompson’s ruling was based on valid factual findings, i.e., the moral character of the applicant and her failure to disclose certain information on applications. Rule VILA., Rules Governing Admission to the Alabama State Bar, clearly states that “good moral character” is a valid concern in determining whether to allow an out-of-state attorney to appear, pro hac vice, in an Alabama court. Moreover, in addition, Pace has two experienced attorneys appointed to represent him during his capital trial.
For the foregoing reasons, this petition for the writ of mandamus is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. Pace states in his response to the State's answer that if “this Court decides Mr. Pace should be forced to choose between Ms. Gutierrez and appointed counsel, Mr. Pace's clear preference would be to replace appointed counsel J. Timothy Kyle with Ms. Gutierrez....” This option was not presented to the trial court and so will not be considered by this Court.