COOK, Justice.
Levi Pace, the defendant in a capital case pending in the Morgan Circuit Court, petitions for a writ of mandamus directing the trial court to allow Pace to have counsel of his choice, an attorney admitted to practice in another state. That attorney seeks to represent Pace, pro hac vice, at no expense to the State. We grant the petition and issue the writ.[1]
Pace was convicted of capital murder in 1993 and was sentenced to death. The Court of Criminal Appeals reversed the conviction and sentence, Pace v. State, 714 So.2d 320 (Ala.Crim.App.1996), and this Court affirmed the reversal, 714 So.2d 332 (Ala.1997).
Pace was reindicted in 1998. At Pace’s request, M. Cristina Gutierrez, a nonresident lawyer, timely moved for admission to practice in Alabama, pro hac vice, in order to assist in Pace’s defense at his retrial. The trial court denied the motion and refused to reconsider its ruling.
Ms. Gutierrez is a member in good standing with the Maryland State Bar, and she has been admitted to practice before the United States Supreme Court, before several federal trial and appellate courts, and in several state courts pro hac vice. Ms. Gutierrez has never been subject to disciplinary or disbarment proceedings, and she has agreed in writing to abide by the provisions of the Alabama Rules of Professional Conduct.
In Ex parte Walker, 675 So.2d 408 (Ala.1996), this Court considered circumstances similar to those presented by this peti *815 tion.[2] In Walker we observed:
“Ms. Walker asserts that the failure of the trial judge to substitute counsel of her choice is an abuse of discretion, contending that the ruling violates her Sixth Amendment right to counsel. In support of this contention, Ms. Walker cites numerous federal cases that address the issue of whether an indigent criminal defendant has a right to choose the attorney appointed to represent him. See, e.g., United States v. Padillar-Martinez, 762 F.2d 942 (11th Cir.), cert. denied, 474 U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 302 (1985); Birt v. Montgomery, 725 F.2d 587 (11th Cir.1984); Gandy v. Alabama, 569 F.2d 1318 (5th Cir.1978). Although these cases acknowledge that an indigent defendant has a right to request counsel of his or her choice, the law is clear that the right of an indigent defendant to choose counsel is not absolute. In determining whether an indigent defendant is entitled to choose his or her appointed counsel, a trial court must balance this request against a number of factors to determine whether the request would frustrate the public interest in the prompt and efficient administration of the criminal justice system.”
Ex parte Walker, 675 So.2d at 410.
In Walker, however, we noted that we were not dealing with the situation of a defendant seeking to assert the right to choose State-paid counsel. In Walker, as is the case here, the defendant requested representation by a lawyer who had agreed to work without compensation from the State. We held in Walker:
“These facts are analogous to a factual setting where a nonindigent criminal defendant procures counsel of his or her choice. A trial judge would have no authority to bar that attorney from representing that defendant, so long as that attorney was qualified to practice law in this State and the representation would not frustrate the public interest in the fair and efficient administration of justice. The fact that Ms. Walker has inadequate resources to hire an attorney should be of no consequence, if she can secure representation at no expense to the State. Just as a defendant who can pay for legal counsel has a right to choose his or her own attorney, an indigent defendant can choose to be represented by an attorney who offers to represent the defendant at no expense to the State.”
Walker, 675 So.2d at 410.
The evidence indicates that Ms. Gutierrez timely filed for admission pro hac vice, that she is willing to serve in a pro bono capacity, and that she does not desire to delay Pace’s trial or to disrupt the trial proceedings. Weighing this evidence, as well as Ms. Gutierrez’s credentials, Pace’s Sixth Amendment right to retain counsel of his choice, and the fact that Pace is now a defendant in a capital case, against the trial court’s discretion in ruling on the motion for Gutierrez’s admission pro hac vice, we hold that Pace is entitled to the writ of mandamus he seeks. Therefore, the trial court is directed to vacate its order denying Ms. Gutierrez’s application for admission pro hac vice, and to grant the application, so that Ms. Gutierrez may assist in Pace’s defense.
PETITION GRANTED; WRIT ISSUED.
MADDOX, JOHNSTONE, and ENGLAND, JJ., concur.
HOUSTON, J., concurs specially.
LYONS, J., concurs in the result.
*816 HOOPER, C.J., dissents.
BROWN, J.,* recuses herself.

. Pace filed a similar petition in the Court of Criminal Appeals. That court denied his petition. Ex parte Pace, 761 So.2d 1006 (Ala.Crim.App.2000). See Rule 21, Ala.R.App.P.

. In Walker, the indigent capital defendant moved to substitute the nonresident lawyer for one of her two court-appointed lawyers. Here, Pace, also an indigent capital defendant, requested Ms. Gutierrez to assist his court-appointed lawyers in his defense. In Walker and here, the nonresident lawyer agreed to work on a pro bono basis.