HOOPER, Chief Justice
(dissenting).
I respectfully dissent, because I believe the trial judge acted within his discretion in denying the attorney’s application. “[Because] mandamus is an extraordinary remedy, the standard of review for a writ of mandamus is whether there has been a clear abuse of discretion by the trial judge.... ” Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987); Ex parte Allstate Life Ins. Co., 741 So.2d 1066, 1069 (Ala.1999). Evidence that Ms. Gutierrez had lied about a shoplifting conviction, on both an application to law school and an application for a clerkship, gave the trial judge ample reason to deny her application.
A writ of mandamus is issued only when the petition shows a clear, specific legal right for the enforcement of which there is no other adequate remedy. Ex parte Allstate Life Ins. Co., supra, 741 So.2d at 1069. Pace’s Sixth Amendment rights are not being violated; the trial court acted within its discretion; and Pace is currently being represented by two capable, State-appointed attorneys. Pace, therefore, is not entitled to the relief he seeks.
The majority’s reliance on Ex parte Walker, 675 So.2d 408 (Ala.1996), is misplaced. In Walker this Court held that “in cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse.” 675 So.2d at 410 (quoting Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990)). Applying Walker to this case, I conclude that the trial judge did not abuse his discretion; therefore, I further conclude that this Court does not have the authority to mandate that the trial judge accept Gutierrez’s application.
The majority says that Walker controls this case and requires this Court to issue the writ of mandamus. I disagree. Although the circumstances in Walker and those in this case are similar, there are some key differences: The attorney in Walker had previously been allowed to represent other criminal defendants in Alabama, and the trial judge in Walker did not state his reasons for denying the attorney’s application. Gutierrez has never been admitted to represent a client in Alabama, and the trial judge in this case stated that he denied the application for moral and ethical concerns stemming from Gutierrez’s theft conviction and lies.
Although Gutierrez is currently a member in good standing of the Maryland Bar and has been allowed to represent clients in other foreign courts, the trial judge had a valid, factual basis to deny her application. This Court issues a writ of mandamus only where a clear abuse of discretion is shown. See Rudolph, 515 So.2d at 706; Allstate Life Ins., 741 So.2d at 1069.