PITTMAN, Judge.
This appeal, which was transferred to this court by the Alabama Supreme Court pursuant to § 12-2-7(6), Ala.Code 1975, is ostensibly from a judgment of dismissal entered by the Birmingham Division of the Jefferson Circuit Court. Because we conclude that that judgment is void, we grant the appellees’ motion to dismiss the appeal.
In October 2001, Veronica Hill, acting through counsel, filed a 25-count complaint in the Bessemer Division of the Jefferson Circuit Court; in that action, which was assigned case number CV-01-1293 (hereinafter “the Bessemer action”), Hill named 10 parties, including then State Superintendent of Education Ed Richardson and the City of Birmingham, as defendants[1] and alleged numerous state-law and federal-law tort claims purportedly arising out of the death of Hill’s 6-year-old daughter, Joycia Johnson. In the Bessemer action, Hill sought damages based upon the following alleged causes of action: wrongful death; felonious injury; fraudulent concealment; damage to the property of a decedent; intentional infliction of emotional distress; negligence; wantonness; violation of the Alabama Child Protection Act of 1999 (Ala.Code 1975, § 16-22A-1 et seg., which generally relates to criminal-background checks of educational employees); municipal liability; assault and battery; negligence in hiring, training, and supervision; failure to notify; deprivation of (and conspiracy to deprive) civil rights under color of state law; and failure to prevent civil-rights deprivations under col- or of state law. Hill later amended her complaint to add an eleventh defendant, the Birmingham Board of Education.
All defendants in the Bessemer action moved for a dismissal. Because more than two years had passed between the death of Hill’s daughter and the filing of the Bessemer action, several of the defendants argued that the Bessemer action was due to be dismissed on the basis that it was time-barred. On March 1, 2002, Superintendent Richardson was dismissed as a party, and on March 12, 2002, the trial court in the Bessemer action entered an order on the case action summary sheet granting the City of Birmingham’s motion to dismiss; that court also granted the remaining defendants’ motion to dismiss on the grounds that Hill’s claims were “time barred by the two-year statute of limitations, that actionable fraud has not been pleadfed,] and there has been no tolling of the statute of limitations.” Because the March 12, 2002, order in the Bessemer action adjudicated all remaining claims as to all remaining parties, it constituted a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
Acting through new counsel, Hill filed on April. 11, 2002, a postjudgment motion, *585 pursuant to Rule 59(e), Ala. R. Civ. P., seeking to alter, amend, or vacate the March 12, 2002, judgment of dismissal and requesting leave to file an “amended complaint” alleging fraudulent concealment. That motion was denied on April 29, 2002. Hill did not appeal from the judgment or the postjudgment order entered in the Bessemer action, and no entries were made on the ease action summary sheet in the Bessemer action for six months following the clerk’s notification to the parties of the entry of the postjudgment order.
After the Bessemer action was dismissed, Hill filed a new complaint in the Birmingham Division of the Jefferson Circuit Court (hereinafter “the Birmingham action”). The Birmingham action was assigned case number CV-02-4838. Hill’s complaint in the Birmingham action asserted substantially the same causes of action as those that had been alleged in the Bessemer action and named the same parties that had been identified as defendants in the Bessemer action (as well as two additional parties, Cleveland Ham-mons and the Alabama State Board of Education) as defendants in the Birmingham action. Several defendants in the Birmingham action moved to transfer that action to the Bessemer Division and moved to dismiss the complaint based on, among other alleged grounds, the doctrine of res judicata and the statute of limitations. The Birmingham action was ultimately dismissed.[2]
During an October 2002 hearing in the Birmingham action on the defendants’ motions to dismiss, one or more of the parties apparently raised the finality of the judgment in the Bessemer action as an issue. Hill, again acting through new attorneys, then filed a motion in the Bessemer action to “transfer venue” of that action to the Birmingham Division. Although the Bessemer action had already been dismissed on March 12, 2002, and although that judgment had not been disturbed by the April 29, 2002, postjudgment order, the trial judge presiding in the Bessemer action, over the objection of several of the defendants that “no case [was] pending,” purported to enter an order on February 16, 2003, transferring the Bessemer action to the Birmingham Division. The transferred Bessemer action was then assigned case number CV-03-3782 by the Birmingham Division.
Hill moved to consolidate case number CV-03-3782 with the Birmingham action (although the Birmingham action was then on appeal to this court); the defendants opposed that motion to consolidate and filed a motion to dismiss case number CV-03-3782. On September 4, 2003, the Birmingham Division purported to grant the motion to dismiss filed by the defendants in case number CV-03-3782 and indicated that the issue of consolidation was moot. Hill filed a notice of appeal as to the purported September 4, 2003, judgment of dismissal; the Alabama Supreme Court transferred her appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
At the time the defendants filed their appellees’ brief, they also filed a motion in this court to dismiss Hill’s appeal, contending, among other things, that the Bessemer Division did not have jurisdiction to enter the order transferring the Bessemer action to the Birmingham Divi *586 sion on February 16, 2003. The validity of the transfer order directly implicates the validity of the judgment from which Hill has attempted to appeal. It is well settled that “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “ ‘Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.’ ” Singleton, 716 So.2d at 225 (quoting Ex parte Smith, 438 So.2d 766, 768 (Ala.1983)).
In her reply brief, Hill contends that the judgment entered in the Bessemer action on March 12, 2002, and the April 29, 2002, order denying her motion to alter, amend, or vacate that judgment of dismissal and for leave to file an amended complaint, were not final judgments because, she says, the Bessemer Division “did not strike or otherwise modify the April 11, 2002 amended complaint.” Hill’s position is incorrect. First, contrary to Hill’s argument in her response to the defendants’ motion to dismiss this appeal, Hill’s proposed amendments to her complaint were not timely. Rule 78, Ala. R. Civ. P., allows a plaintiff the “automatic right” to amend a complaint for only 10 days after “service” of an order of dismissal; in contrast, Hill’s postjudgment motion requesting leave to amend, and Hill’s proposed amendment to her complaint, were both filed 30 days after the dismissal of the Bessemer action, and Hill’s proposed amendment therefore did not automatically revive the Bessemer action absent affirmative action by the Bessemer Division. Second, the Bessemer Division’s denial of Hill’s motion to alter, amend, or vacate its March 12, 2002, judgment of dismissal — a motion in which Hill had specifically asked for leave to amend her complaint — had the effect of denying Hill leave to amend. See Kilgore v. Alabama By-Prods. Corp., 581 So.2d 872, 874 (Ala.Civ.App.1991) (where plaintiff simultaneously filed postjudgment motion and proposed amendment to complaint, trial court’s order denying post-judgment motion had the effect of denying proposed amendment to complaint; citing United Handicapped Indus. of Am. v. National Bank of Commerce, 386 So.2d 437 (Ala.Civ.App.1980)).[3]
Hill also relies on the language of the Bessemer Division’s transfer order itself, in which the Bessemer Division characterized the Bessemer action as “presently pending.” That reliance is misplaced because that characterization is legally erroneous. Our Supreme Court, in Ex parte Allstate Life Insurance Co., 741 So.2d 1066 (Ala.1999), stated that it “has repeatedly held that after a trial court denies a Rule 59 post-judgment motion, the trial court no longer has jurisdiction over the case and the aggrieved party’s only remedy is to appeal.” 741 So.2d at 1071. Because no claims remained pending in the Bessemer action as of April 29, 2002, and because Hill’s postjudgment motion was denied on that date, the Bessemer Division was with *587 out jurisdiction to enter an order “transferring” the Bessemer action on February-16, 2003. The Birmingham Division’s September 4, 2003, judgment “re-dismissing” the Bessemer action after that “transfer” was likewise entered without jurisdiction and is void. A void judgment will not support an appeal. Newman v. Newman, 773 So.2d 481, 484 (Ala.Civ.App.1999).
Based upon the foregoing facts and authorities, we conclude that the defendants’ motion to dismiss the appeal is well taken. Hill’s appeal from the purported September 4, 2003, judgment is, therefore, due to be dismissed.
MOTION TO DISMISS GRANTED; APPEAL DISMISSED.
CRAWLEY and THOMPSON, JJ., concur.
YATES, P.J., and MURDOCK, J., concur in the result, without writing.

. The other eight parties named as defendants were: Shirley Kimbrough, Johnny Brown, Lanette Martin, Herman Williams, Jeanine Spain, Ruth Tucker, Rosalyn Childress, and Elizabeth Smith.

. Hill appealed from the judgment of dismissal entered in the Birmingham action, and after the Supreme Court transferred that appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975, we affirmed that judgment without an opinion. Hill v. Kimbrough (No. 2020544, Aug. 22, 2003), 891 So.2d 444 (Ala. Civ.App.2003) (table). The Alabama Supreme Court subsequently denied certiorari review of our judgment of affirmance. Ex parte Hill (No. 1030053, Jan. 16, 2004), - So.2d - (Ala.2004) (table).

. Our affirmance in Hill v. Kimbrough (No. 2020544, Aug. 22, 2003), 891 So.2d 444 (Ala.Civ.App.2003) (table), of the Birmingham Division’s dismissal of the Birmingham action as proper under the doctrine of res judicata provides further support for our conclusion in this case regarding the finality of the Bessemer Division's March 12, 2002, and April 29, 2002, rulings. " 'The rules of res judicata are applicable only when a final judgment is rendered.' ” Restatement (Second) of Judgments § 13 (1982) (emphasis added), quoted in Ex parte Ford Motor Credit Co., 772 So.2d 437, 444 (Ala.2000).