THOMPSON, Presiding Judge.
Iris Dean Brown Woodget (“the mother”) appeals from a judgment of the El-more Circuit Court (“the trial court”) finding her to be in arrears on her child-support obligation and ordering her to pay $930 per month toward the arrearage.
On June 18, 2014, the State Department of Human Resources, on behalf of David Reuben Woodget (“the father”), filed in the trial court a petition seeking a “determination of controlling order and arrears reconciliation.” On August 11, 2014, the father and the State appeared at a hearing on the State’s petition; the mother did not appear at the hearing. ■ The referee presiding over the hearing found that the mother was in arrears on her child-support obligation in the amount of $50,984.08 and recommended that she pay $930 per month toward the arrearage.[1] On September 5, 2014, the trial court confirmed the referee’s findings and recommendations as its judgment.
On September 17, 2014, the mother, pursuant to Rule 59(e), Ala. R. Civ. P., filed a motion to alter, amend, or vacate the trial court’s judgment. On October 15, 2014, *410 the trial court entered an order , denying that motion. That order states: “MOTION TO VACATE OR MODIFY filed by [the mother] is hereby DENIED.” (Capitalization in original.) However, on October 31, 2014, the trial court entered a second postjudgment order that stated: “Rule 59 Motion to Alter, set at 9:00 a.m. on 12-10-14.” Because the trial court had denied the mother’s postjudgment motion and, 16 days later, had scheduled a hearing on that motion, the mother filed a motion to clarify whether the trial court.,intended to deny her postjudgment motion or whether it intended to hear arguments on that motion on December 10, 2014. The trial court had scheduled the mother’s motion to clarify to be heard with the “motion to alter.” Ón December 10, 2014, the trial court entered an order that stated, in part: “Case called. Motion to Vacate argued and is denied.” The mother filed her notice of appeal on January 16,2015.
' Although neither party raises ¿h árgument regarding this court’s jurisdiction to consider the mother’s appeal, we take notice of our jurisdiction, or lack thereof, ex mero motu. Sims v. Estate of West, 90 So.3d 770, 772 (Ala.Civ.App.2012).
“[Our supreme court] has repeatedly held that , after a trial court denies a Rule 59 post-judgment motipn, .the trial court no longer has jurisdiction over the case and the aggrieved party’s only remedy is to appeal.” Ex parte Allstate Life Ins. Co., 741 So.2d 1066, 1071 (Ala.1999). Thus, when the trial court denied the mother’s postjudgment motion on October 15, 2014, it lost jurisdiction to reconsider that postjudgment motion. Southeast Envtl. Infrastructure, L.L.C. v. Rivers, 12 So.3d 32, 49 (Ala.2008); and Ex parte Allstate, 741 So.2d at 1070 (“[T]he rule that a trial court cannot ... ‘reconsider’ its previous order denying a post-judgment motion is more than a mere ‘technicality' under the Alabama Rules of Civil Procedure, but is based on the court’s loss of jurisdiction over the case.”). When the trial court, 16 days after denying the mother’s post-judgment motion, Scheduled a hearing on that motion, it essentially scheduled, ex mero motu, a hearing to reconsider its initial postjudgment order denying the mother’s postjudgment motion. However, at that time, the trial court no longer had jurisdiction to reconsider its prior order, id., and any orders it entered from that point forward were entered in the absence of subject-matter jurisdiction .and, therefore, are nullities. Hargrove v. Hargrove, 65 So.3d 950, 952 (Ala.Civ.App.2010). After the trial court denied the mother’s postjudgment .motion on October 15, 2014, the mother’s remedy .was an appeal to this court. Ex parte Allstate, supra.
Prospective appellants have 42 days from the entry of a trial court’s judgment to appeal that judgment. Rule 4(a)(1), Ala. R.App. P. Because the last order that the trial court had jurisdiction to enter was the October 15, 2014, order denying the mother’s postjudgment motion, the deadline for the mother to file an appeal with this court was November 26, 2014. The mother filed her notice of appeal on January 16, 2015.
“ ‘The filing of a timely notice of appeal is a jurisdictional act.’ Painter v. McWane Cast Iron Pipe Co., 987 So.2d 522, 529 (Ala.2007) (citing Lewis v. State, 463 So.2d 154, 155 (Ala.1985)). ‘An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court,’ Rule 2(a)(1), Ala. R.App. P. See also Ex parte Alabama Dep’t of Human Res., 999 So.2d [891] at 895 [(Ala.2008)] (‘[W]e are obligated to dismiss an appeal if, for any reason, [subject-matter] jurisdiction does not .exist.’ (citing Ex parte Smith, 438 So.2d 766, 768 (Ala.1983))).”
*411 Lauterbach v. Gordon, Dana, Still, Knight & Gilmore, LLC, 56 So.3d 613, 615 (Ala.2010). Thus, because the. mother’s notice of appeal was filed more than 42 days after the, date the trial court entered its order denying the mother’spostjudgment motion and, thereby, lost jurisdiction of the case, this court is without jurisdiction to consider the appeal. Accordingly, the appeal is dismissed. .
APPEAL DISMISSED.-
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur,.

. The referee also found that the mother owed interest on the arrearage in the amount of $40,180.56.