INGRAM, Justice.
This appeal is from a summary judgment in a medical malpractice action brought by Silas Miller and his wife Linda Miller; the action was based on the death of their 10-year-old son, Silas Miller IV, and related to medical treatment rendered to Silas IV in 1989. The Millers named Joseph H. Huels-ing, South Baldwin Hospital, Dr. Angelita Santiago, and others as defendants. This appeal challenges a summary judgment entered for Dr. Santiago in November 1991, and later made final by an order pursuant to Rule 54(b), A.R.Civ.P., in February 1993.
Silas IV had a medical condition known as hydrocephalus, characterized by an enlargement of the brain and a buildup of pressure on the brain, which if not relieved, can cause death. A medical device known as a shunt was placed in Silas’s head when he was two years old, in order to relieve the pressure. Dr. Santiago was not responsible for the placement or the maintenance of the shunt. On several occasions in early July 1989, the Millers took their son Silas IV to the emergency room at South Baldwin Hospital, where he was treated by Dr. Huelsing. Silas IV was a patient at South Baldwin Hospital from July 10 to July 12; on July 13, his parents returned him to the emergency room at South Baldwin Hospital. His mother, Linda Miller, asked to see Dr. Huelsing, but Dr. Huelsing was not at the hospital that evening. The nurse on duty telephoned Dr. Huelsing and told him that the mother had returned Silas IV to the hospital. The mother, Linda Miller, contends that the nurse told her that she could take the child home and bring him back to Dr. Huelsing’s office the next day or else she could take him to the University of South Alabama Medical Center (USAMC). Later the same evening, the Mil *447 lers drove the child to the emergency room at USAMC, where Silas was treated by Dr. Santiago. He died at USAMC several days later.
The Millers filed this medical malpractice action on May 29, 1990. They filed interrogatories and requests for production at the same time. One of the Millers’ interrogatories to the defendants asked whether any defendant contended that any other defendant, or any other entity, was responsible for the death of Silas Miller IV. Dr. Huelsing and South Baldwin Hospital responded no to this interrogatory. Dr. Santiago, on December 19, 1990, moved for a summary judgment; the court granted the motion by written order on November 15, 1991, but the resulting judgment was not at that time made final pursuant to A.R.Civ.P. 54(b). The case went to trial against the remaining defendants on February 24,1992. Dr. Santiago was not present at the trial. The court declared a mistrial on February 26, when Dr. Huelsing said, for the first time, that Dr. Santiago might have been negligent in her treatment of Silas IV.
In light of Dr. Huelsing’s testimony implicating Dr. Santiago, the Millers moved to set aside the November 15, 1991, interlocutory summary judgment. Judge Thomas B. Norton, Jr., granted the motion. Dr. Santiago then filed a motion to set aside the order setting aside the summary judgment. Judge Norton denied that motion. Subsequently, Judge Norton’s term expired and he was succeeded by Judge Pamela Baschab. Dr. Santiago filed a second motion to reinstate the summary judgment. Judge Baschab granted that motion on February 16, 1993, and at Dr. Santiago’s request made the summary judgment final pursuant to Rule 54(b). The first issue here is whether Judge Bas-chab erred in reinstating Dr. Santiago’s November 15, 1991, summary judgment and making that judgment final.
Rule 54(b), A.R.Civ.P., provides that any order that adjudicates fewer than all the claims as to all the parties is subject to revision at any time before the entry of a final judgment. The plaintiffs contend that Dr. Santiago’s second motion to reinstate the summary judgment was time-barred and that Judge Baschab, therefore, erred in reinstating that summary judgment. However, because no final judgment had been entered in this case, all orders up to that point were interlocutory, and, therefore, subject to change. Thus, Judge Baschab could properly set aside the earlier order setting aside the summary judgment, in effect reinstating the summary judgment. See Rule 54(b).
The Millers contend that Dr. Santiago’s summary judgment was improperly entered in the first place. We disagree. A summary judgment is properly entered when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Southern Guar. Ins. Co. v. First Alabama Bank, 540 So.2d 732, 734 (Ala.1989). By that standard, this summary judgment was properly entered.
Rule 56 must be read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
We find no evidence to suggest that Judge Baschab erred in reinstating the summary judgment. All of the parties to this action conducted extensive pretrial discovery, involving interrogatories, requests for production of documents, and depositions, before Dr. Santiago filed her motion for summary judgment. After she filed that motion, numerous depositions were taken before Judge Norton entered the interlocutory summary judgment on November 15, 1991. The depositions taken during that interim included those of the treating physicians at USAMC and the expert witnesses identified by the Millers as having opinions regarding the standard of care in this case. None of these deponents, including the experts offered on *448 behalf of the Millers, testified that Dr. Santiago deviated from the standard of care when she treated Silas IV.
After Judge Norton granted the summary judgment motion on November 15, 1991, additional deposition testimony was taken from one expert witness offered on behalf of US-AMC and from another expert witness offered on behalf of Dr. Huelsing. These deponents testified that they did not believe that Dr. Santiago deviated from the standard of care. Judge Baschab’s order reinstating the summary judgment and making it final, pursuant to Rule 54(b), was based on numerous depositions and other discovery materials; all of those materials indicated that Dr. Santiago was not at fault.
For the foregoing reasons, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.