MURDOCK, Justice.
Harlan Home Builders, Inc. (“Harlan Home Builders”), Christopher Dobbs, and Teresa Dobbs appeal from a dismissal of their fraud claim against Chris W. Hayslip and The Townes of North River Development Company, LLC (“The Townes”), entered by the Tuscaloosa Circuit Court. We dismiss the appeal.

I. Facts and Procedural History

The .Dobbses own Harlan Home Builders, a construction company. Harlan Home Builders and Hayslip formed The Townes as a vehicle to acquire and develop real property on Rice Mine Road in Tuscaloosa. The real property subsequently was developed into a residential and commercial area known as “The Townes of North River” (“the development”). Chris Dobbs and Hayslip were the managers of the development.
Teresa Dobbs owns and manages a real-estate company, Dobbs Realty, LLC (“Dobbs Realty”). According to Teresa Dobbs, The Townes agreed that Dobbs Realty would be the exclusive broker for sales of lots in the development to the public by various builders, who would acquire the lots from The Townes.
Despite early success with respect to the sale of lots, Chris Dobbs and Hayslip started disagreeing over various management issues regarding The Townes.[1] To settle the disputes, Dobbs and Hayslip agreed to mediation.
On June 18, 2007, Harlan Home Builders, Chris Dobbs, and Hayslip executed a mediation agreement (“the mediation agreement”) in which Chris Dobbs agreed to purchase Hayslip’s interest in The Townes within 60 days for the sum of $3,825,000. The mediation agreement allowed the Dobbses and Harlan Home Builders to obtain a 30-day extension for purchasing Hayslip’s interest in The Townes through a nonrefundable payment of $50,000. The mediation agreement stated that, once Chris Dobbs had purchased Hayslip’s interest in The Townes, the parties would cause The Townes to convey 10 acres of undeveloped property it owned to Hayslip. The mediation agreement also provided that, within 12 months of the date of the mediation agreement, Hayslip would be entitled to purchase from The Townes at a price of $120,000 three “cottage lots” adjacent to a residence he owned in the development. Finally, the mediation agreement provided for the release of possible claims by the parties against one another, stating:
“As part of the resolution of current disputes and in consideration of the agreements herein, Hayslip and Dobbs hereby release and remise any and all claims, suits, demands and/or causes of action that they have or may have against the other.
[[Image here]]
“Should there be any dispute or issue with respect to any terms or conditions of this agreement, such issues or disputes shall be resolved by the mediator Charles Denaburg.”
*104 The Dobbses allege that, in the mediation, Hayslip misrepresented the value of the development, i.e., he said its worth was $14,765,000 when he knew that it had been appraised at $12,025,000. The Dobbses claim that it was on the basis of Hayslip’s representation of the value of the property that Chris Dobbs signed the mediation agreement, agreeing to pay $3,825,000 for Hayslip’s interest in The Townes. They thus contend that the mediation agreement was the product of fraud.
The Dobbses and Harlan Home Builders exercised their right to extend the deadline for purchasing Hayslip’s interest in The Townes by paying Hayslip $50,000. Despite doing so, the Dobbses allege, Chris Dobbs was unable to obtain the financing necessary to purchase Hayslip’s interest in The Townes because Hayslip’s interest was worth “substantially less” than he had claimed in the mediation.
The Dobbses allege that, even after the execution of the mediation agreement, Hayslip continued to “take actions to force the [Dobbses] out of the business and squeeze out their interests.” Among Hayslip’s actions, according to Harlan Home Builders and the Dobbses’ complaint, was his interference with business relationships Teresa Dobbs had with various builders for her representation in selling lots in the development to customers. The Dobbses allege that Hayslip told various builders that Teresa Dobbs did not have the exclusive right to list properties for sale in the development. Hayslip also allegedly purchased property himself that he and Chris Dobbs had agreed should be purchased by The Townes. They further allege that Hayslip continued to refuse to cooperate with Chris Dobbs regarding the management of The Townes, creating a deadlock within the company.
On January 23, 2008, Harlan Home Builders and the Dobbses filed a complaint in the Tuscaloosa Circuit Court against Hayslip and The Townes alleging that Hayslip had breached his fiduciary duty to The Townes, had interfered with business relationships, and had committed oppression and fraud, and they requested dissolution of The Townes.
On February 25, 2008, Hayslip and The Townes filed a motion to dismiss the complaint and attached the mediation agreement to their motion. Hayslip and The Townes contended that Harlan Home Builders and the Dobbses’ claims were barred by the mediation agreement; in the alternative, they contended that the claims against them had to be submitted to mediator Charles Denaburg for resolution in accordance with the mediation agreement.
On March 7, 2008, Hayslip filed a counterclaim against the Dobbses, asserting that they had breached the mediation agreement by failing to pay him $3,825,000 for his interest in The Townes and by failing to convey the real property specified in the mediation agreement to be conveyed to him. Hayslip requested damages of $8,000,000, as well as specific performance of the mediation agreement. On March 11, 2008, Hayslip filed a motion for a summary judgment as to his counterclaim.
Harlan Home Builders and the Dobbses filed a motion for a summary judgment on March 25, 2008, asking for the dismissal of Hayslip’s counterclaim, and they responded to Hayslip and the Townes’ motion to dismiss the complaint. They argued that the mediation agreement should be ignored for three reasons. First, they contended that the mediation agreement had been induced by fraud and therefore was invalid. Second, they contended that the mediation agreement was merely an “agreement to agree” rather than an actual contract. Third, they contended that if the mediation agreement ever was an en *105 forceable agreement, it was an expired option contract.
The trial court heard arguments on the parties’ motions on April 1, 2008. On May 12, 2008, the trial court issued an order referring some of the issues to the mediator, Denaburg, but Denaburg declined to resolve the issues and referred the matter back to the trial court. In a hearing on August 22, 2008, the trial court issued several rulings from the bench concerning the parties’ motions. It denied the motions for a summary judgment concerning Hayslip’s counterclaim filed both by Harlan Home Builders and the Dobbses and by Hayslip. It denied Hayslip and The Townes’ motion to dismiss the complaint to the extent that they sought the dismissal of claims that arose after the date of the June 18, 2007, mediation. Finally, the trial court requested additional briefing on whether Harlan Home Builders and the Dobbses could assert fraud claims based solely on misrepresentations that allegedly occurred during the mediation proceedings.
On January 7, 2009, the trial court held another hearing on the viability of Harlan Home Builders and the Dobbses’ fraud claim related to the mediation agreement. As a result of that hearing, the trial court issued an order that provided, in pertinent part:
“The Court heard oral arguments regarding whether a party could assert fraud claims based upon alleged misrepresentations made solely during and as part of mediation proceedings and as a result thereof the Court granted [Hays-lip and The Townes’] motion to dismiss [Harlan Home Builders and the Dobbs-es’] fraud claims based upon alleged misrepresentations made during mediation. [Harlan Home Builders and the Dobbs-es] were given thirty days to amend their complaint. A proposed order dismissing said claims is to be prepared by [Hayslip and The Townes].”
On March 2, 2009, the trial court entered an “Order on Defendants’ Motion to Dismiss” that provided, in pertinent part:
“This matter having come before the Court on [Hayslip and The Townes’] motion to dismiss and amended motion to dismiss, the Court having requested and received additional briefing from the parties on the issue of the applicability of Rule 11 of the Alabama Civil Court Mediation Rules to [Harlan Home Builders and the Dobbses’] claims and/or defenses in this matter, and the Court having heard oral argument from the parties on December 17, 2008, and on January 7, 2009, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:
“1. Rule 11 of the Alabama Civil Court Mediation Rules is applicable to the fraud and/or mistake claims and/or defenses asserted by [Harlan Home Builders and the Dobbses] in this matter, and Rule 11(c) prevents this Court from considering any evidence of alleged fraudulent misrepresentations that were allegedly made by [Hayslip and The Townes] during a mediation.
“2. All of [Harlan Home Builders and the Dobbses’] claims and/or defenses arising out of, premised on, or that otherwise rely upon, any alleged misrepresentations or statements allegedly made during the June 18, 2007, mediation proceeding at issue in this matter are hereby dismissed.
“8. [Harlan Home Builders and the Dobbses] shall file an amended complaint within thirty (30) days of the date of this Order setting forth with particularity any and all claims they allege against [Hayslip and The Townes] that are not based on the June 18, 2007, mediation, and that they allege arose *106 after the [mediation] Agreement agreed to by the parties on June 18, 2007.”
On March 13, 2009, Harlan Home Builders and the Dobbses filed a motion pursuant to Rule 5, Ala. R.App. P., requesting that the trial court certify its March 2, 2009, order for an immediate permissive appeal or, in the alternative, that the trial court certify its March 2, 2009, order as a final judgment subject to immediate appeal, pursuant to Rule 54(b), Ala. R. Civ. P. On March 19, 2009, the trial court entered an order denying Harlan Home Builders and the Dobbses’ motion in part and granting it in part. Specifically, the trial court denied Harlan Home Builders and the Dobbses’ request for relief under Rule 5, Ala. R.App. P., but concluded that there was “no just reason for delay and ... expressly directed] that the order of March 2, 2009, be entered as a final judgment pursuant to Ala. R. Civ. P. 54(b).”
Harlan Home Builders and the Dobbses filed a timely appeal of the trial court’s March 2, 2009, order.

II. Analysis

Harlan Home Builders and the Dobbses make several arguments as to the trial court’s alleged error in dismissing their fraud claim against Hayslip and The Townes. Before considering those arguments, however, it is incumbent upon this Court to determine whether it has jurisdiction to hear this appeal.
““‘As this court has said many times previously, a final judgment is necessary to give jurisdiction to this court on an appeal, and it cannot be waived by the parties.... ”
[[Image here]]
“‘When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.’
“Powell v. Republic Nat’l Life Ins. Co., 298 Ala. 101, 102, 300 So.2d 359, 360 (1974) (quoting McGowin Investment Co. v. Johnstone, 291 Ala. 714, 715, 287 So.2d 835, 836 (1973)).
“ ‘Ordinarily, an appeal can be brought only from a final judgment. Ala.Code 1975, § 12-22-2. If a case involves multiple claims or multiple parties, an order is generally not final unless it disposes of all claims as to all parties. Rule 54(b), Ala. R. Civ. P. However, when an action contains more than one claim for relief, Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay.’
“Grantham v. Vanderzyl, 802 So.2d 1077, 1079-80 (Ala.2001).”
North Alabama Elec. Coop. v. New Hope Tel. Coop., 7 So.3d 342, 344-45 (Ala.2008).
In reference to certifications under Rule 54(b), Ala. R. Civ. P., this Court has stated that
“a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’ Clarice-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)).”
Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006).
This Court has also spoken to the more specific situation involved in this case, i.e., certification of a judgment disposing of a claim while an unadjudicated counterclaim remains before the trial court. In Summerlin v. Summerlin, 962 So.2d 170, 173 *107 (Ala.2007), this Court summarized the factual background to the Court’s holding in Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1873, 1374 (Ala.1987):
“[T]he trial court certified as a final judgment, under Rule 54(b), its summary judgment in favor of SouthTrust Bank on its claim that Branch had defaulted on a promissory note. 514 So.2d at 1373. However, at the time of the Rule 54(b) certification, the trial court had not ruled on Branch’s counterclaim, which was ‘based upon an alleged fraudulent representation by an agent of SouthTrust upon which Branch claimfed] he relied in executing the promissory note.’ 514 So.2d at 1374. This Court set aside the Rule 54(b) certification and remanded the case to the trial court, noting that because the issues in SouthTrust’s claim and Branch’s counterclaim were ‘so closely intertwined that separate adjudication would pose an unreasonable risk' of inconsistent results,’ it would not be ‘in the interest of justice’ to adjudicate the claims separately. 514 So.2d at 1374.”
In essence, we have before us in this ease a “mirror-image” of the situation in Branch. In the present case, the trial court has purported to adjudicate Harlan Home Builders and the Dobbses’ claim that Hayslip fraudulently induced Chris Dobbs into signing the mediation agreement. The trial court has not adjudicated Hayslip’s counterclaim alleging breach of the mediation agreement and his request for specific performance of that agreement. Harlan Home Builders and the Dobbses’ allegations of fraudulent inducements are, in fact, also a defense to Hays-lip’s counterclaim.[2] See Summerlin, 962 So.2d at 173 (observing that, “[i]n form, [the plaintiffs] ‘claim’ appears to be separate and distinct from [the defendant’s] breach-of-contract counterclaim. If one looks beyond form, however, [the defendant’s] breach-of-contract counterclaim is, in substance, a defense to [the plaintiffs] petition for injunctive relief’). In other words, Harlan Home Builders and the Dobbses’ claim adjudicated by the trial court and Hayslip’s counterclaim that remains before the trial court are “so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” Branch, 514 So.2d at 1374.
It is true that in its March 2, 2009, order the trial court concluded that “[a]ll of [Harlan Home Builders and the Dobbses’] claims and/or defenses arising out of, premised on, or that otherwise rely upon any alleged misrepresentations or statements allegedly made during the June 18, 2007, mediation proceeding at issue in this matter are hereby dismissed.” (Emphasis added.) Thus, it appears that the trial court has determined that Harlan Home Builders and the Dobbses cannot use fraud as a defense to Hayslip’s breach-of-contract counterclaim. Because the trial court has not adjudicated Hayslip’s counterclaim, however, its ruling upon any defense to Hayslip’s counterclaim is not a final judgment. Consequently, “a separate adjudication by the trial court on [Hays-lip’s breach-of-contract claim] leaves open the possibility of ‘inconsistent results.’” Hammock v. Wal-Mart Stores, Inc., 8 So.3d 939, 942 (Ala.2008).
Accordingly, the trial court erred in certifying as a final judgment its order of *108 dismissal on Harlan Home Builders and the Dobbses’ fraud claim stemming from the mediation agreement. “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.” Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974). We therefore dismiss the appeal as being from a nonfinal judgment.[3]
APPEAL DISMISSED.
COBB, C.J., and LYONS, STUART, and BOLIN, JJ., concur.

. Chief among these disputes was the Dobbs-es' allegation that Hayslip modified the operating agreement of The Townes without their knowledge, causing the operating agreement to state that Hayslip owned a 70 percent interest in The Townes and that Harlan Home Builders owned a 30 percent interest. The Dobbses contend that the operating agreement originally stated that the parties each held a 50 percent interest in The Townes.

. Hayslip also appears to be using the allegations of his counterclaim seeking specific performance of the mediation agreement as a defense to Harlan Home Builders and the Dobbses' other claims for relief because the mediation agreement states that the parties "release and remise any and all claims, suits, demands and/or causes of action that they have or may have against the other.”

. The parties have notified this Court that, while this appeal was pending, they have settled the claims between them, other than those that are the subject of this appeal. Insofar as the record before this Court is concerned, however, there is no order disposing of those claims. Instead, the record clearly reflects that no such order had been entered at the time of the trial court’s entry of a summary judgment or at the time of its purported certification of that judgment as a final judgment under Rule 54(b). For the reasons explained in this opinion, the summary judgment entered by the trial court was not a final judgment that was properly appealable to this Court at the time it was entered or at the time it was purportedly certified as final by the trial court; therefore, this Court acquired no jurisdiction over the purported appeal of that judgment. See, e.g., Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354 (Ala.2004) (stating that " '[t]he trial court cannot confer appellate jurisdiction upon this [Cjourt through directing entry of judgment under Rule 54(b) if the judgment is not otherwise "final” ’ ” (quoting Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala.1978))).