MOORE, Judge.
Anne Marks, individually, and as personal representative of the estate of Robert E. Marks, Sr. (“Bobby”), appeals from a partial summary judgment entered by the Tuscaloosa Circuit Court (“the trial court”) in favor of Reston Construction, Inc. (“Re-ston”). We dismiss the appeal as being from a nonfinal judgment.
Bobby and his wife, Anne Marks (“Anne”), filed a complaint on February 15, 2007, in the trial court against Reston. In their complaint, the Markses asserted that they were the first owners of a house in Tuscaloosa, which, they alleged, had been built by Reston in 1998 or 1999. The Markses further asserted that the house had been clad in an “Exterior Insulation and Finishing System” (“EIFS”), which is a “multi-layered exterior wall systemf] consisting of a finish coat, a base coat, mesh, and insulation board, all of which are mechanically or with an adhesive secured to plywood or other substrate” and is commonly referred to as “synthetic stucco.” According to the complaint, an engineering report conducted at the Markses’ request revealed numerous errors in the EIFS application and other construction defects. The Markses asserted that they hired Reston to reclad their house; that, by June 2004, the EIFS cladding had been removed and replaced with brick; that mold was subsequently discovered; that Reston agreed to remediate the mold in their house; and that Reston performed work in that regard in December 2004. The Markses further alleged in their complaint that mold continued to grow in the house after those repairs, that Reston again undertook to alleviate the mold and moisture problem in December 2005, and that the repairs and remediation were again improperly performed and high concentrations of mold were discovered upon a later inspection of the house. The Markses asserted claims of negligent repair; negligent hiring, supervision, and training; negligent remediation; fraudulent suppression; fraudulent misrepresentation; and breach of contract. The Markses filed an amended complaint on June 28, 2007. Reston filed an answer to the complaint and the amended complaint on November 6, 2007.
On December 30, 2008, Reston filed a counterclaim against Bobby, requesting a declaratory judgment based on a “General Release and Indemnity Agreement” (“the release”) that had allegedly been signed by Bobby “discharging Reston and its insurer from liability.” Reston sought a judgment declaring the rights, obligations, and liabilities of the parties with respect to the release and ordering the Markses to indemnify Reston for the claims asserted against Reston in the Markses’ complaint as last amended.
A suggestion of death was filed on February 16, 2009, alleging that Bobby had died on January 26, 2009. Anne, as the personal representative of Bobby’s estate *98 (“the estate”), was substituted for Bobby on all claims and counterclaims.
Anne, individually, and as the personal representative of the estate, filed an answer to Reston’s counterclaim on February 16, 2009. On May 22, 2009, Reston filed a motion for a summary judgment on the claims asserted in the complaint as last amended based on the release and for the entry of a judgment declaring its right to indemnity, also based on the terms of the release. Anne filed an opposition to Re-ston’s summary-judgment motion on June 17, 2009.
On July 6, 2009, the trial court granted Reston’s summary-judgment motion; the trial court’s judgment stated, in pertinent part:
“It is undisputed [Bobby] signed a ‘General Release and Indemnity Agreement’ on March 14, 2005. The release is poorly worded and appears to be a form type document, or combination of forms, prepared and signed by both parties without legal assistance. Nevertheless, after considering all appropriate materials on file, the release is effective to bar any ‘claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, in law or equity, whether real, inchoate, known or unknown, both to person and property up to March 14, 2005, by or through [Bobby] or his estate, and by [Anne] who ratified the release. Thus, summary judgment is tendered in favor of Reston Construction, Inc. against [Anne, individually, and as personal representative of the estate,] for all alleged acts or omissions up through March 14, 2005.
“Reston also filed a summary judgment motion regarding the ‘indemnification’ language in the document, claiming that [Bobby’s] estate is required to indemnify and hold Reston harmless. The indemnification language is not sufficiently certain to [enter] summary judgment, as there appear to be genuine issues of material fact regarding the scope. Summary judgment is denied on the counterclaim.
“The case will be set for a status conference to determine what elaim(s) remain to be tried. It is not entirely clear whether any act or omission of Reston allegedly occurred after March 14, 2005. The summary judgment is not made final at this time.”
On August 5, 2009, Anne filed a motion to alter, amend, or vacate the trial court’s judgment; that motion was denied on August 11, 2009. On May 25, 2010, Reston filed a renewed motion for a summary judgment on the remaining claims. Anne filed an opposition to that motion on July 7, 2010. On July 12, 2010, the trial court entered a summary judgment in favor of Reston on Anne’s and the estate’s remaining claims, stating that “there are no genuine issues of material fact regarding any subsequent acts or omissions and [Reston] is entitled to a judgment as a matter of law.” The trial court certified its judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P., noting that Reston’s counterclaim for indemnity remained pending. On August 6, 2010, Reston filed a motion to stay the trial on Reston’s counterclaim, asserting that the outcome of the appeal might affect the determination of that counterclaim. On August 9, 2010, the trial court entered an order staying the case and transferring the case to its administrative docket. Anne filed a notice of appeal to the Alabama Supreme Court on August 23, 2010; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Anne argues on appeal that the trial court erred by entering a summary judgment in favor of Reston because, she says, the trial court misinterpreted the terms of *99 the release. Before we address that argument, we first address the finality of the trial court’s summary judgment for purposes of our review on appeal. In Gregory v. Ferguson, 10 So.3d 596, 597 (Ala.Civ.App.2008), this court stated:
“Neither party has raised the issue of the appropriateness of the trial court’s Rule 54(b)[, Ala. R. Civ. P.,] certification of its ... summary-judgment order. However, this court may consider that issue ex mero motu because the issue whether a judgment or order is sufficiently final to support an appeal is jurisdictional. Owen v. Hopper, 999 So.2d 958, 955 (Ala.Civ.App.2008) (quoting Trousdale v. Tubbs, 929 So.2d 1020, 1022 (Ala.Civ.App.2005)); see also Summerlin v. Summerlin, 962 So.2d 170 (Ala.2007) (determining, ex mero motu, that a Rule 54(b) certification was not appropriate under the facts of the case). Certifications of finality pursuant to Rule 54(b) of an otherwise interlocutory order should not be routinely entered and should be made only in exceptional cases. Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987).
“ ‘In some instances, a Rule 54(b) certification may not be appropriate. When pending claims “ ‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results,’ ” our courts may determine a Rule 54(b) certification to be invalid. Gray v. Central Bank of Tuscaloosa, N.A., 519 So.2d 477, 479 (Ala.1987) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)).’
“BB & S Gen. Contractors, Inc. v. Thornton & Assocs., Inc., 979 So.2d 121, 123 (Ala.Civ.App.2007).”
In Gregory, Gregory filed a complaint against Ferguson based on, among other things, breach of contract. 10 So.3d at 597. Ferguson counterclaimed, alleging that Gregory had falsely represented that he was a licensed contractor and that Gregory had failed to pay subcontractors Gregory had hired, as was required by the contract between the parties. 10 So.3d at 597. The trial court entered a summary judgment in favor of Ferguson on Gregory’s claims and certified that summary judgment as final, pursuant to Rule 54(b), while Ferguson’s counterclaims remained pending. Id. This court determined that both Gregory’s claims against Ferguson and Ferguson’s counterclaims against Gregory required the resolution of “the issue of the interpretation and the proper enforcement of their contract or agreement” and, thus, that “ ‘the parties’ ... claims are dependent on each other and a resolution of one claim would impact the determination of the other.’ ” Id. at 598 (quoting BB & S Gen. Contractors, Inc. v. Thornton & Assocs., Inc., 979 So.2d 121, 125 (Ala.Civ.App.2007)). This court then concluded that Gregory’s claims and Ferguson’s counterclaims were too closely intertwined to support the Rule 54(b) certification, and we dismissed Gregory’s appeal as having been taken from a nonfinal judgment. Id.
In the present case, the trial court relied on the terms of the release in entering the summary judgment in favor of Reston on Anne’s and the estate’s claims. Thus, those claims were disposed of pursuant to an interpretation of those contractual terms. Similarly, the determination of Re-ston’s counterclaim necessarily requires the trial court to interpret the terms of the release. In interpreting the release with regard to Anne’s and the estate’s claims and Restoris counterclaim, the trial court is first charged with determining whether the terms apply to Anne’s and the estate’s claims against Reston. Like in Gregory, *100 the resolution of one claim would necessarily impact the resolution of the other. Moreover, a determination by the trial court that the indemnity clause is inapplicable in the present case could potentially lead to a contradictory result from the determination of those claims already disposed of by the summary judgment.
We conclude, therefore, that the claims and counterclaim involved in the present case are too closely intertwined and that, therefore, certification of the partial summary judgment on Anne’s and the estate’s claims as final pursuant to Rule 54(b) was inappropriate. Accordingly, we dismiss the appeal. See Gregory, 10 So.3d at 598.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ, concur.