SHAW, Justice
(dissenting).
I respectfully dissent. Except as otherwise provided by law, appeals lie only from final judgments. Gilbert v. Nicholson, 845 So.2d 785, 790 (Ala.2002) (“It is well settled that ‘[a]n appeal will not lie from an order or judgment which is not final.’ ” (quoting Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala.1978))). This principle is not aspirational; it is statutory. See Ala.Code 1975, § 12-22-2 (“From any final judgment of the circuit court or probate court, an appeal lies to the appropriate appellate court as a matter of right-”); John Crane-Houdaille, Inc. v. Lucas, 534 So.2d 1070, 1073 (Ala.1988) (“[Section 12-22-2] embodies our time-honored rule that a final judgment is an essential precondition for appealing to this Court.”).
Except as otherwise provided by law, this Court does not have jurisdiction over a nonfinal judgment. Crutcher v. Williams, 12 So.3d 631, 636 (Ala.2008) (“ ‘ “The question whether an order appealed from is final is jurisdictional. ...” ’ ” (quoting Hinson v. Hinson, 745 So.2d 280, 281 (Ala.Civ.App.1999), quoting in turn Powell v. Powell, 718 So.2d 80, 82 (Ala.Civ.App.1998))). This is because a nonfinal judgment is interlocutory and is subject to change by a trial court, which retains jurisdiction over the remainder of the case. Miller v. Santiago, 642 So.2d 446, 447 (Ala.1994) (“However, because no final judgment had been entered in this case, all orders up to that point were interlocutory, and, therefore, subject to change.”). Further, such a nonfinal, interlocutory judgment “does ‘not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the *502 claims and the rights and liabilities of all the parties.’ ” Hallman v. Marion Corp., 411 So.2d 130, 132 (Ala.1982) (quoting Rule 54(b), Ala. R. Civ. P.).
A proper certification under Rule 54(b), Ala. R. Civ. P., will deem an otherwise nonfinal judgment as “final” for purposes of appellate jurisdiction. Sparks v. City of Florence, 936 So.2d 508, 512 (Ala.2006) (“Rule 54(b), Ala. R. Civ. P., confers appellate jurisdiction over an otherwise nonfinal order....”). An improper Rule 54(b) certification, however, does not render a non-final judgment appealable, does not confer jurisdiction on this Court, and will not support an appeal. Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 362 (Ala.2004) (“ ‘[T]he trial court cannot confer appellate jurisdiction upon this [Cjourt through directing entry of judgment under Rule 54(b) if the judgment is not otherwise “final.” ’ ” (quoting Computer Servicenters, Inc., 360 So.2d at 302)); Harlan Home Builders, Inc. v. Hayslip, 58 So.3d 102, 108 n. 3 (Ala.2010) (“[T]he summary judgment entered by the trial court was not a final judgment that was properly appeal-able to this Court at the time it was entered or at the time it was purportedly certified as final by the trial court; therefore, this Court acquired no jurisdiction over the purported appeal of that judgment.”). Thus, if a Rule 54(b) certification is invalid and void, the judgment is nonfi-nal, and this Court will ex mero motu note our lack of appellate jurisdiction and dismiss the appeal. Dzwonkowski, 892 So.2d at 362 (“ ‘ “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.” ’ ” (quoting Tatum v. Freeman, 858 So.2d 979, 980 (Ala.Civ.App.2003), quoting in turn Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974))). We do not address, ex mero motu, a mere mistake; we do, however, address, ex mero motu, the fact that a judgment is not final and that the Court lacks appellate jurisdiction.
Further, an improper Rule 54(b) certification is set aside not because of a technical default, but because of the risk of an inconsistent result between the judgment certified as final and the subsequent final judgment on the remaining claims. Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006) (“[A] Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’ ” (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987))). Such inconsistent results may prejudice both parties to the litigation.
I believe that our caselaw is consistent with the decision in Page v. Preisser, 585 F.2d 336, 338 (8th Cir.1978):
“It is clear that a district court’s decision to issue a Rule 54(b) certificate is not conclusive. Appellate courts have broad reviewing power in determining whether a district court has properly applied the rule and correctly certified an appeal. See Schwartz v. Compagnie General Transatlantique, 405 F.2d 270, 274 (2d Cir.1968); RePass v. Vreeland, 357 F.2d 801, 804-805 (3d Cir.1966); 10 C. Wright & A. Miller, Federal Practice and Procedure § 2655 at 35 (1973). In most cases, however, unlike the present action, the party challenging the certification takes a timely appeal from the court’s order. Our research has failed to disclose any cases specifically deciding whether a party who neglects to take a timely appeal from a district *503 court’s Rule 54(b) certification may challenge the propriety of that certification after the period of time for taking an appeal has expired; and if the certification is held to have been erroneous, whether the party may, in his appeal from the court’s final judgment of the remaining claims, seek review of the district court’s adverse decision on the substantive claim underlying the Rule 54(b) certification.
“We hold that such challenges may be made; and when a district court erroneously certifies a claim as appropriate for immediate appeal under Rule 54(b), a party may raise that claim in a timely appeal from an adverse decision on the remaining claims in the lawsuit. While, technically, the period for taking an appeal begins to run from the time the district court enters final judgment pursuant to the Rule 54(b) certification, if the certification is erroneous, there is, in fact, no proper final judgment from which a party must appeal. Thus, if an action involving a single claim is incorrectly categorized by the district court as one involving multiple claims, a party ought not be precluded from raising the propriety of the court’s certification in a timely appeal from an adverse judgment on the other claims in the lawsuit.”
(Emphasis added.) An erroneous Rule 54(b) certification does not confer appellate jurisdiction on this Court; appellate jurisdiction exists only when a judgment is final, and an erroneous Rule 54(b) certification does not create a final judgment.
The main opinion reverses this longstanding practice found in our caselaw. Here, the Court holds that the aggrieved party’s failure to appeal immediately from a faulty Rule 54(b) certification and the resulting unappealable, nonfinal judgment waives any future challenge to the improper certification. Thus, what was an erroneous, mistaken, invalid certification that would not confer appellate jurisdiction over the underlying judgment has become unassailable by the parties.
I see no need to abandon our current practice. The main opinion notes that the jurisdictional nature of a defective Rule 54(b) certification can raise problematic issues of certainty when an immediate appeal is not taken.[10] Specifically, the Court of Civil Appeals stated in Allen v. Briggs, 60 So.3d 899 (Ala.Civ.App.2010), that there existed uncertainty regarding the time in which to appeal. I see no uncertainty. Under our current practice, although a party can wait until a final judgment is entered, at which time all the claims in an action are disposed of, and then challenge the Rule 54(b) certification, if the certification is upheld, then a challenge to the merits of the judgment previously certified as final under Rule 54(b) is untimely. Thus, to ensure that an appellate court can hear a challenge to the certified judgment, a prudent party must appeal. The proper course of action is certain; failure to appeal is a known risk the aggrieved party may accept.
Allen also notes another purported uncertainty arising out of our current practice, namely the uncertainty as to the finality of the certified judgment. In other words, although the certified judgment would appear final by virtue of the certification itself, such certification can be challenged and vacated when a final judgment disposing of all the claims in the action is entered, thus exposing the previously certified judgment to appellate review. But it cannot be said that the parties are un *504 aware of such “uncertainty”; reliance on a certified judgment before the entire case is finished is yet another known risk the parties may elect to take.
In any event, the uncertainty as to the finality of a certified judgment still exists despite the rule expressed in the main opinion. Although a party must now immediately challenge an improper Rule 54(b) certification by appeal, nothing prevents the trial court from later recognizing that the claims disposed in the prior judgment are intertwined with remaining claims in the case and vacating that improvident certification.[11]
Although the main opinion undertakes to cure the uncertainties identified in Allen, none of those uncertainties actually affect the instant case. But the problematic issue that does exist is the danger of an inconsistent result, which clearly occurred in this case. The main opinion, in an attempt to address uncertainties not at play, has enshrined the inconsistent judgments.
Both the uncertainties identified in the main opinion and the risk of inconsistent results can be alleviated if our often stated invitation to caution is heeded:
“This Court looks with some disfavor upon certifications under Rule 54(b).
“ ‘It bears repeating, here, that “ ‘[certifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.’ ” State v. Lawhorn, 830 So.2d 720, 725 (Ala.2002) (quoting Baker v. Bennett, 644 So.2d 901, 903 (Ala.1994) ....). ‘““Appellate review in a piecemeal fashion is not favored” ’ ” Goldome Credit Corp. [v. Player, 869 So.2d 1146, 1148 (Ala.Civ.App.2003)] (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996)) (emphasis added).’ ”
Schlarb, 955 So.2d at 419 (quoting Dzwonkowski, 892 So.2d at 363). It is the improper issuance of a Rule 54(b) certification that creates uncertainty and inconsistent results; no uncertainty exists if the prior judgment remains uncertified and the trial court refuses to issue a certification when a certification is improper.
I believe that the main opinion trades the easily recognized “uncertainties” created by an erroneous Rule 54(b) certification for an increased “unreasonable risk of inconsistent results.” Schlarb, 955 So.2d at 419-20. I would apply the well settled principles that a judgment improperly certified under Rule 54(b) is not a final judgment, Dzwonkowski, supra; that nonfinal judgments are interlocutory and subject to modification and change by the trial court, Miller, supra; and that a nonfinal judgment is generally not subject to appellate jurisdiction. Sparks, supra.
BOLIN, J., concurs.

. These uncertainties are hypothetical — they are not at play under the facts of the instant case.

. The main opinion addresses the issue in this case in terms of a waiver by the aggrieved party of any right to challenge the certification; it does not appear to hold that an improperly certified judgment, left unchallenged, is actually final. If the main opinion purports to hold that an improperly certified judgment, left unchallenged, is actually final, then the trial court would lose jurisdiction over the judgment after 30 days. See George v. Sims, 888 So.2d 1224, 1227 (Ala.2004) (“Generally, a trial court has no jurisdiction to modify or amend a final order more than 30 days after the judgment has been entered, except to correct clerical errors.”). Such a holding, I submit, would further complicate our Rule 54(b) jurisprudence by often foreclosing the only remaining avenue available to address the possibility of inconsistent results, as discussed in Schlarb, supra.