THOMAS, Judge.
Nandean Sanders appeals from a judgment of the Dallas Circuit Court (“the trial court”) in favor of E.I. Campbell, Averline Campbell, and Jerry Winston Lawrence (hereinafter collectively referred to as “the defendants”). We dismiss the appeal as having been taken from a nonfinal judgment.
Sanders and the defendants are the owners of adjoining properties located in Dallas County. On May 13, 2009, Sanders filed a complaint asking the trial court for declarative and injunctive relief regarding a disputed strip of property (“the disputed property”) that Sanders and the defendants both claimed to own. On July 16, 2009, the defendants filed an answer to the complaint and a counterclaim asking the trial court to establish the boundary line between Sanders’s property and the defendants’ property, to order Sanders to “cease and desist from her encroachment of and efforts to claim any right, title or interest in [the disputed] property,” and to enter a permanent injunction enjoining Sanders from trespassing on the disputed property. Sanders filed an answer to the counterclaim on July 17, 2009.
A trial was held on May 10, 2011, at which the trial court heard evidence ore tenus. The trial court entered a judgment on April 4, 2012 (“the April 4 judgment”), in favor of the defendants. The April 4 judgment stated:
“1. Judgment is in favor of the Defendants, E.I. Campbell, Averline Campbell and Jerry Winston Lawrence and against the Plaintiff, Na[n]dean Sanders, on account of statutory adverse possession. Defendants met their burden and properly satisfied the court that they are coterminous landowners with [Sanders] and have held actual possession of the disputed strip of land openly and exclusively for more than 10 years, believing it to be the actual property line. Strickland v. Markos, 566 So.2d 229 (Ala.1990); Kubiszyn v. Bradley, 292 Ala. 570, 298 So.2d 9 (1974).
“2. That defendants have held the land between the parties that includes the flowerbed as testified and presented in *533 court, and three (3) feet beyond such point. Said point shall be the properly established property line for said parties. The defendants are authorized, at their expenses, to have prepared a boundary survey to reflect such and return it to this court within 60 days of the date of this order for further orders. “3. If the boundary survey is not returned to this court within the above said 60 days, then the court her[e]by appoints and authorizes Mr. Glen McCord ... as the surveyor/land engineer, to perform said survey in this case, the cost of which will be taxed equally against the parties.”[1]
Sanders filed what she styled as a motion for a new trial pursuant to Rule 59(a), Ala. R. Civ. P., on April 18, 2012; the defendants filed an objection. A hearing was held on June 11, 2012; however, counsel for the defendants was unable to attend the hearing. The trial court entered an order on June 13, 2012, indicating that, at the hearing, Sanders had orally requested that the trial court instruct the defendants to stop construction of a fence on the disputed boundary line and to remove any parts of the fence that had already been constructed. In the order, the trial court instructed the defendants to cease construction of the fence and to remove any structure they had caused to be placed on the disputed property. The trial court also continued the hearing on Sanders’s purported postjudgment motion.[2]
On July 19, 2012, the trial court entered an order that stated that Sanders’s motion for a new trial had been denied by operation of law[3] and that also addressed questions the parties had raised regarding the finality of the April 4 judgment, stating:
“This [c]ourt is of the opinion that all actionable issues were fully adjudicated by this Court’s order of [April 4], 2012, and that the provisions of paragraphs 2 and 3 pertaining to a survey of the properly established boundary line are administrative in nature only, and therefore, there being no just reason for delay, this Court does hereby direct the entry of final judgment in favor of the defendants and against [Sanders] in accord with the provisions of this Court’s order of [April 4], 2012.”
*534 Sanders filed an appeal with our supreme court on August 29, 2012; that court then transferred the cause to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Although no party has raised the issue of this court’s jurisdiction on appeal,
“ ‘ “[j]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). The timely filing of a notice of appeal is a jurisdictional act. Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1202 (Ala.2009).”
Burgess v. Burgess, 99 So.3d 1237, 1239 (Ala.Civ.App.2012).
Our supreme court has stated:
“ ‘ “ ‘As this court has said many times previously, a final judgment is necessary to give jurisdiction to this court on an appeal, and it cannot be waived by the parties.... ’
[[Image here]]
“‘“When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.”
“ ‘Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974) (quoting McGowin Investment Co. v. Johnstone, 291 Ala. 714, 715, 287 So.2d 835, 836 (1973)).
“ ‘ “ Ordinarily, an appeal can be brought only from a final judgment. Ala.Code 1975, § 12-22-2. If a case involves multiple claims or multiple parties, an order is generally not final unless it disposes of all claims as to all parties. Rule 54(b), Ala. R. Civ. P. However, when an action contains more than one claim for relief, Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay.”
“ ‘Grantham v. Vanderzyl, 802 So.2d 1077, 1079-80 (Ala.2001).’
“North Alabama Elec. Coop. v. New Hope Tel. Coop., 7 So.3d 342, 344-45 (Ala.2008).
“In reference to certifications under Rule 54(b), Ala. R. Civ. P., this Court has stated that
“ ‘a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court “ ‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)).’
“Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006).”
Harlan Home Builders, Inc. v. Hayslip, 58 So.3d 102, 106 (Ala.2010).
The trial court’s judgment purports to be a final judgment in favor of the defendants insofar as it established the location of the boundary line between the parties’ properties; however, the judgment did not address the defendants’ counterclaim for injunctive relief. It is our opinion that the boundary-line dispute that has been resolved by the trial court and the defendants’ request for injunctive relief, i.e., a permanent injunction enjoining Sanders from trespassing on the disputed property, “ ‘ “ ‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” ’ ” See Harlan Home Builders, Inc., 58 So.3d at 106. Accordingly, because Sanders appeals from a nonfinal judgment, we must dismiss the appeal for lack of subject-mat *535 ter jurisdiction. See Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App.2010) (“Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal.”).
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

.It appears that the trial court relied on § 35-3-3, Ala.Code 1975, which provides:
"The judgment shall locate and define the boundary lines involved by reference to well-known permanent landmarks, and if it shall be deemed for the interest of the parties, after the entry of judgment, the court may direct a competent surveyor to establish a permanent stone or iron landmark in accordance with the judgment from which future surveys of the land embraced in the judgment shall be made. Such landmarks shall have distinctly cut or marked thereon 'judicial landmark.’ The surveyor shall make report to the court, and in his report shall accurately describe the landmark so erected and define its location as nearly as practicable.”
(Emphasis added.) Without addressing the merits of this appeal, we note that "decrees establishing boundaries between coterminous lands must be reasonably definite and certain in their descriptions and that ascertained boundary lines must be capable of being physically identified, their description leaving no room for the exercise of discretion as to their location. Ray v. Robinson, 388 So.2d 957 (Ala.1980).” Tidwell v. Strickler, 457 So.2d 365, 368 (Ala.1984).

. On June 13, 2012, the defendants filed a motion to reconsider the trial court's order instructing them to remove the fence. The trial court entered an order on June 16, 2012, that read, simply: "motion to reconsider filed by [the defendants] is hereby granted in part.” The motion and subsequent order are not at issue in this appeal.

. Sanders filed the motion styled as a motion for a new trial on April 18, 2012. Pursuant to Rule 59.1, such a postjudgment motion would have been denied by operation of law on July 17, 2012, 90 days after it was filed.